**Jugraj S. DHALIWAL,
Plaintiff–Appellant,
Cross–Appellee,**

v.

**WOODS DIVISION, HESSTON CORPORATION; David Schirer; and Michael Dawson, Defendants–Appellees, Cross–Appellants.**

Nos. 90–2212, 90–2259, 90–2357.

United States Court of Appeals, Seventh Circuit.

Submitted March 15, 1991.

Decided April 16, 1991.

Jugraj S. Dhaliwal, pro se.

Henry J. Close, John Rearden, Jr., Connolly, Oliver, Close & Worden, Rockford, Ill., for defendants-appellees, cross-appellants.

Before POSNER, FLAUM, and KANNE, Circuit Judges.

POSNER, Circuit Judge.

This case began as a suit by Mr. Dhaliwal against his former employer, charging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In a conference with the district judge, the parties discussed settlement and came to an oral agreement to settle the case: concretely, the plaintiff agreed to dismiss the suit and not seek reinstatement in his job, and the defendants agreed to pay him $12,000. The defendants prepared a written memorial of the agreement and asked the plaintiff to sign it. He refused on the ground that the written agreement included a provision

that he not seek future employment with the defendants, a matter that had not been discussed at the settlement conference. The defendants asked the judge to enforce the settlement, and he entered an order directing the parties to comply with all the terms of the written agreement except the one relating to future employment, which he agreed had not been discussed at the settlement conference. Nevertheless he ordered the plaintiff to pay the attorney's fees that the defendants had incurred in obtaining enforcement of the oral agreement, on the ground that the plaintiff had tried to renege on the agreement in its entirety. The plaintiff appeals from the award of attorney's fees and also from the judge's refusal to vacate his judgment enforcing the settlement agreement. The defendants cross-appeal from the judge's order striking the future-employment provision from their redaction of the settlement agreement.

The plaintiff's appeals raise no general questions and we are affirming them by unpublished order today. The cross-appeal, however, raises a question of some novelty and importance. The defendants acknowledge that the issue of future employment was not discussed at the settlement conference, but they argue that it is implicit in an agreement not to seek reinstatement in the job from which the plaintiff was (allegedly improperly) fired that he will not apply for any other job with this employer in the future. We have found no cases on this question, although we have some slight reason to believe that settlement agreements in Title VII cases in which reinstatement is not contemplated usually contain both provisions—no reinstatement and no future job application. *Kuykendall v. Rockwell International Corp.*, 27 FEP Cases 805, 807 (C.D.Cal. 1979); Barbara Lindemann Schlei & Paul Grossman, *Employment Discrimination Law* 1526 (1988). The argument that the first implies the second and hence that the second need not be stated separately is that an agreement not to seek reinstatement would be nugatory if the plaintiff were free to apply for a job with the same employer "in the future"; for the future begins tomorrow, and the job could be the same one the plaintiff had just lost.

We disagree. "Reinstatement" means putting the plaintiff back in his old job at the conclusion of the lawsuit. If the settlement agreement contains a no-reinstatement clause but no no-future-employment clause and the day after the agreement is signed the plaintiff applies for his old job and is turned down, the court interpreting the agreement may find that he is seeking reinstatement and therefore should not be heard to complain about being turned down: he waived the right to complain, in the settlement agreement. We say the judge "may," not that he "must," so conclude, because it could be argued that so long as the employee is seeking merely the same consideration as other applicants, and not automatic reinstatement to his own job, he really is applying for future employment, not for reinstatement. However this may be, it would be clear that if after some decent lapse of time the plaintiff applied for a different job with the same employer—perhaps it is a vast multinational corporation, and the job he is applying for is in an office ten thousand miles away from the office in which he was working when he was fired—he would not be applying for "reinstatement." If the employer wants to preclude the possibility, it should negotiate for a separate provision in the settlement agreement. The first case, in contrast, is within a fuzzy area in which an employment application could be characterized as either an application for reinstatement or an application for a new job. But the employer can eliminate the fuzzy area as well by negotiating for separate provisions, rather than relying solely on the no-reinstatement clause to keep the former employee out of its hair.

We have treated the issue as one of general contractual interpretation because the parties have done so. We reiterate earlier expressed doubts that Title VII settlement agreements are in fact covered by general law—federal common law—rather than by state contract law. *Morgan v. South Bend Community School Corp.*, 797 F.2d 471, 474–76 (7th Cir.1986); *Riley*

*v. American Family Mutual Ins. Co.,* 881 F.2d 368, 371–73 (7th Cir.1989).

AFFIRMED.