931 F.2d 58
 55 Fair Empl.Prac.Cas. 833
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jugraj S. DHALIWAL, Plaintiff/Appellant/Cross-Appellee,
v.
WOODS DIVISION, HESSTON CORPORATION, a Kansas Corporation
authorized to do business in Illinois, David
Schirer and Michael Dawson, individual
agents of Hesston,
Defendants/Appellees/Cross-
Appellants.
 Nos. 90-2212, 90-2259 and 90-2357.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1991.*
Decided April 16, 1991.
Rehearing Denied May 17, 1991.
 
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff, Mr. Dhaliwal, in this employment discrimination case objects to the district court's finding that he agreed to a settlement and to its order directing him to pay the defendants' attorney's fees for a portion of the litigation and the district court's refusal to appoint counsel after his retained counsel withdrew. The defendants' objection to the district court's refusal to include a provision in the confirmed settlement agreement that prohibits Mr. Dhaliwal from reapplying for future employment with them is addressed in a published opinion issued in conjunction with this order.
 
 FACTS
 
 2
 In 1986 Mr. Dhaliwal filed a suit charging that the defendants discriminated against him based on his national origin and alien status in violation of the Civil Rights Act of 1866, 42 U.S.C. Sec. 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq.[1] On October 25, 1989, the district court conducted a settlement conference in this case. At that conference, the defendants agreed to pay Mr. Dhaliwal $12,000. Mr. Dhaliwal agreed not to seek reinstatement. The district court then dismissed the case with prejudice and with leave to reinstate within 60 days.
 
 
 3
 On November 3, 1989, as a result of that conference, the defendants forwarded a written recitation of its understanding of the settlement agreement reached during the conference to Mr. Dhaliwal. The document included a provision that he agree not to seek future employment with the defendants. Mr. Dhaliwal refused to sign the document, believing that the prohibition against seeking future employment was a material term not agreed to at the settlement conference. In addition, Mr. Dhaliwal contended that by their actions the defendants allowed for negotaiation of the entire settlement and not just discussion of the provision at issue. (R. 71). The defendants responded by arguing that the provision was an implicit component of the parties' agreement that Mr. Dhaliwal would not seek reinstatement.
 
 
 4
 Further negotiations ensued, including several more court appearances. A second settlement conference was held on January 3, 1990. The defendants subsequently petitioned to confirm the settlement agreement of October 25, 1989 and for attorney's fees incurred as a result of Mr. Dhaliwal's refusal to sign the written recitation of the October 25, 1989 settlement agreement.
 
 
 5
 After an evidentiary hearing, the district court confirmed the settlement agreement as memorialized by the defendants but excluded the provision prohibiting Mr. Dhaliwal from seeking future employment with the defendants. (R. 74). In making this decision, the district court found that Mr. Dhaliwal knowingly and voluntarily agreed to the October 25, 1989 settlement offer. (R. 74 p. 7). Further, the district court explained:
 
 
 6
 because a settlement agreement is a limitation on the rights of the parties, any such limitation must be discussed and agreed to by the parties for that term to be an enforceable part of that agreement.... Because the Court further finds that the [provision prohibiting Mr. Dhaliwal from seeking future employment] was not included in the discussion or the oral settlement agreement, this Court orders that [that provision] be stricken from the confirmed settlement order.... (R. 74 p. 9-10).
 
 
 7
 The district court also granted the defendants' motion for attorney's fees for their costs incurred in seeking enforcement of the October 25, 1989 settlement agreement. (R. 84). The district court denied Mr. Dhaliwal's subsequent motion to vacate the judgment.
 
 ANALYSIS
 A. The Confirmed Settlement Agreement
 
 8
 Oral settlement agreements are enforceable in Title VII actions when the plaintiff knowingly and voluntarily agrees to the terms of such an agreement. Glass v. Rock Island Refining Corp., 788 F.2d 450, 454 (7th Cir.1986); Taylor v. Gordon Flesch Co., Inc., 793 F.2d 858, 862 (7th Cir.1986). Whether a plaintiff knowingly and voluntarily agrees to a settlement is a question of fact. We review a district court's factual findings in Title VII cases under a clearly erroneous standard. Glass, 788 F.2d at 455; Chesser v. Illinois, 895 F.2d 330 (7th Cir.1990). Thus, where there are two permissible views of the evidence, the factfider's choice between them can not be clearly erroneous and we will not disturb the factfinder's decision. Glass 788 F.2d at 455, quoting Anderson v. City of Bessemer City, 470 U.S. 564 (1985).
 
 
 9
 Here, we can not conclude that the district court erred in enforcing the oral settlement agreement without the provision prohibiting Mr. Dhaliwal from reapplying for employment with the defendants. The district court based its conclusion that Mr. Dhaliwal knowingly and voluntarily agreed to an oral settlement on the fact that he was present and that he orally accepted the terms of a settlement on October 25, 1989. After an evidentiary hearing, the district court found that the oral agreement included: 1) a $12,000 cash payment to Mr. Dhaliwal, 2) no admission of liability on the part of the defendants, and 3) an agreement that Mr. Dhaliwal would not seek reinstatement. (R. 74 p. 4). Finally, the district court found that at no time during the settlement conference was the issue of Mr. Dhaliwal's ability to reapply for employment with the defendants discussed. (R. 74 pp. 5, 8).
 
 
 10
 We note that in order to be legally operative, an offer must include all the terms of the contract to be made. Taylor, 793 F.2d at 862. However, we have held that an oral contract is enforceable even when a party is forced to protect the agreement by proving the existence of the terms of the oral agreement and although such proof may be difficult to make. Id. Thus, although the parties were put in the difficult position of proving the terms of their oral agreement, we can not conclude that the district court erred in enforcing the agreement reached on October 25, 1989. The court presided at that conference and its finding that Mr. Dhaliwal was present at the negotiations and agreed to an oral settlement offer supports the conclusion that his acceptance was knowing and voluntary.
 
 
 11
 Although Mr. Dhaliwal contends that by including the provision prohibiting his future application for employment the defendants repudiated any oral contract that was formed on October 25, 1989, this argument is contrary to the facts. In order to repudiate a contract, a party must unequivocally declare its intent not to perform. Taylor, 793 F.2d at 864. At no time did the defendants unequivocally declare their intention not to abide by the settlement agreement. In fact, it was Mr. Dhaliwal who refused to sign the written recitation of the agreement. Further, Mr. Dhaliwal undermines his argument by also challenging the district court's order based on his own conclusion that upon reflection, he was entitles to a greater sum of money than that included in the confirmed settlement agreement. (Appellant's Brief p. 7). A party may not be excused from honoring a settlement agreement simply because he later decides the settlement was insufficient. Glass, 788 F.2d at 454. Further, the record does not indicate that Mr. Dhaliwal agreed to the terms of the settlement except for the disputed provision. Rather, it appears that he used the disputed provision in an effort to avoid enforcement of the entire settlement.
 
 B. The Attorney's Fee Award
 
 12
 We review a district court's decision on an award of attorney's fees for an abuse of discretion. TMF Tool Co., Inc. v. Siebengartner, 899 F.2d 584, 590 (7th Cir.1990). We note that normally each party must bear their own attorney's fees absent a showing of oppression or subjective bad faith. Id. at 59. See also Unity Ventures v. County of Lake, 894 F.2d 250, 253 (7th Cir.1990). Because the district court found that Mr. Dhaliwal agreed to a settlement on October 25, 1989, we can not conclude that it abused its discretion in ordering Mr. Dhaliwal to pay the defendants' attorney's fees for confirming the settlement agreement.
 
 
 13
 Mr. Dhaliwal's refusal to sign the memorialized settlement agreement arguably was not made in subjective bad faith, given the district court's finding that the defendants included a term not agreed-to in its written memorialization of the agreement. However, the record does not indicate that Mr. Dhaliwal simply sought removal of the offensive term. Rather, it appears that he sought to escape from the entire agreement as a result of the inclusion of this term. In light of this fact and Mr. Dhaliwal's contention that he was entitled to a greater sum of money than contained in the settlement, the district court did not abuse its discretion by awarding attorney's fees to the defendants.[2]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. Dhaliwal's original petition contained other charges of discrimination. However, due to his failure to file a timely complaint with the E.E.O.C., the district court granted summary judgment to the defendants on those charges. Mr. Dhaliwal does not appeal that decision and those issues are therefore not before this court
 
 
 [2]
 Mr. Dhaliwal also objects to the district court's decision not to appoint counsel and to allow his privately retained counsel to withdraw. There exists no right to appointed counsel in civil matters. Prihoda v. McCaughtry, 910 F.2d 1379 (7th Cir.1990). Thus, we find no error in the district court's refusal to appoint counsel particularly in light of the fact that Mr. Dhaliwal's counsel withdrew only when Dhaliwal refused to sign the settlement agreement. Our conclusion is buttressed by the fact that Mr. Dhaliwal possessed the resources to obtain substitute counsel but was unable to find counsel willing to take on the case