976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Opal R. WORDS, Plaintiff-Appellant,
v.
UNITED PARCEL SERVICE; Wayne Wickliffe, Defendants-Appellees.
 No. 92-3059.
 United States Court of Appeals, Tenth Circuit.
 Sept. 16, 1992.
 
 Before LOGAN, EBEL and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Opal R. Words appeals from an order dismissing her action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Kansas Acts Against Discrimination, Kan.Stat.Ann. §§ 44-1001 to -1044, and from an order denying a motion to reconsider the dismissal order. The district court dismissed the action after enforcing a settlement agreement. Words challenges the district court's finding that her attorney did not coerce her into authorizing him to settle the action. Because we conclude that finding is not clearly erroneous, we affirm the orders.
 
 
 3
 Words applied for employment with defendant UPS as a package car driver. She claimed that she was subjected to unwelcome sexual advances by UPS's District Personnel Officer, Wayne Wickliffe, during the interview and orientation, and was denied the position of package car driver because she resisted Wickliffe's advances.[1] She further alleged that UPS retaliated against her for filing a sexual harassment complaint with the Equal Employment Opportunity Commission.
 
 
 4
 Trial was scheduled to begin on February 4, 1991. On January 27, 1991, Words signed a document authorizing her attorney, David Schmitt, to settle the lawsuit for $10,000. When presented with the written settlement document a few days later, however, she refused to sign it. Defendants moved to enforce the settlement agreement.
 
 
 5
 The matter was referred to a magistrate judge who found that on January 16, 1991, defense counsel, Jeffrey Bruce, made a written $10,000 settlement offer to Schmitt. Words discharged Schmitt as her attorney on January 23, 1991. Schmitt filed a motion to withdraw, but Words rehired him on or before January 27, 1991.
 
 
 6
 Schmitt presented the $10,000 offer to Words on January 27. He informed her that he had legal and ethical reasons for not wanting to take her case to trial, that he did not believe she would prevail at trial, and that he would attempt to withdraw as counsel on the motion still pending if she did not sign a form authorizing him to accept the settlement. Words signed the authorization form and told Schmitt she had no difficulty doing so.
 
 
 7
 On January 27, Schmitt informed Bruce that Words had signed a written authorization for him to settle the lawsuit for $10,000. Bruce orally accepted Words' "settlement demand." The two lawyers exchanged faxes accepting and confirming acceptance of the settlement offer. Bruce then informed the court clerk of the settlement, and mailed the settlement documents and a $10,000 check to Schmitt.
 
 
 8
 After signing the authorization form, Words spoke with other attorneys who advised her that she was entitled to more than $10,000 in damages. When the settlement documents arrived, Words refused to sign them.
 
 
 9
 The magistrate judge found that Words failed to show she did not knowingly and freely authorize Schmitt to enter the oral settlement agreement, and that Schmitt's threat to withdraw did not constitute duress. He recommended that the motion to enforce the settlement agreement be granted. Following a de novo review, the district court adopted the recommendation in all material respects.
 
 
 10
 "[A]n employee may waive his cause of action under Title VII as part of a voluntary settlement...." Alexander v. Gardner-Denver Co., 415 U.S. 36, 52 (1974) (footnote omitted). Such waiver is effective only if the employee's consent to the settlement was voluntary and knowing. Id. n. 15. A settlement of a Title VII action need not be reduced to writing. Fulgence v. J. Ray McDermott & Co., 662 F.2d 1207, 1209 (5th Cir.1981).
 
 
 11
 "Once it is shown that an attorney has entered into an agreement to settle a case, a party who denies that the attorney was authorized to enter into the settlement has the burden to prove that authorization was not given." Turner v. Burlington N.R.R., 771 F.2d 341, 345-46 (8th Cir.1985). Words contends that she was coerced into signing the authorization form because Schmitt threatened to withdraw from the case days before trial was to commence. Whether Words authorized Schmitt to enter the settlement is a question of fact, Richmond v. Carter, 616 F.2d 381, 383 (8th Cir.1980); Butler v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 528 F.2d 1390, 1391 (9th Cir.1975), and the district court's finding will not be set aside unless it is clearly erroneous. Fed.R.Civ.P. 52(a).
 
 
 12
 Words terminated Schmitt on January 23, four days before the date on which she was allegedly coerced into signing the authorization form by Schmitt's threat to withdraw. Further, Schmitt testified that when he asked her if she was signing the authorization of her own free will, she said yes. This evidence supports the finding that she was not coerced.
 
 
 13
 Other courts have concluded that an attorney's threat to withdraw does not constitute coercion or duress that would void a settlement agreement. Dhaliwal v. Woods Division, Hesston Corp., 52 Fair Empl.Prac.Cas. (BNA) 1303, 1306 (N.D.Ill.1990), aff'd, 930 F.2d 547 (7th Cir.), cert. denied, 112 S.Ct. 194 (1991) (attorney's threat to withdraw unless client accepted settlement offer did not constitute "duress sufficient to negate the formation of an oral [settlement] agreement."); Macktal v. Secretary of Labor, 923 F.2d 1150, 1157-58 (5th Cir.1991) (upholding Secretary of Labor's enforcement of a settlement despite plaintiff's claim that his attorney threatened to withdraw if he did not accept); Gilbert v. United States, 479 F.2d 1267, 1268 (2d Cir.1973) (settlement not claimed to have been unfair cannot be overturned because of an attorney's coercion or overbearing). In such a circumstance, the plaintiff's remedy is a claim against her attorney.
 
 
 14
 Hayes v. Eagle-Picher Industries, Inc., 513 F.2d 892 (10th Cir.1975), upon which Words relies, is inapposite. In Hayes, an attorney represented the appellants as well as sixteen other parties. The clients and attorney had entered an agreement that majority rule would govern acceptance of a settlement. Appellants, who were in the minority, contended they never authorized the attorney to settle. We concluded that the appellants had not authorized the settlement because the "majority rule" arrangement violated the basic tenets of the attorney-client relationship. Id. at 894-95. Unlike the appellants in Hayes, Words authorized Schmitt to enter the settlement agreement.
 
 
 15
 We conclude the district court's finding that Words authorized Schmitt to settle her case is not clearly erroneous. That court properly enforced the settlement agreement. The motion to reconsider was properly denied for the same reason.
 
 
 16
 AFFIRMED.
 
 
 17
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 She was hired by UPS as a part-time loader/unloader