[Nos. 33588, 33749. Department Two. January 25, 1957.]

CLARENCE H. RIGBY *et al.*, *Respondents*, v. THE STATE OF WASHINGTON, *Appellant.*

CENTURY BUILDERS, INC., *Appellant*, v. THE STATE OF WASHINGTON *et al.*, *Respondents.*[1]

[1]Reported in 306 P. (2d) 216.

708

 

*The Attorney General* and *Robert L. Simpson, Assistant,* for appellant state (*Rigby* case).

*Morrissey, Hedrick & Dunham* and *John E. Hedrick,* for respondents (*Rigby* case).

*Barker & Day,* for appellant (*Century Builders, Inc.,* case).

*The Attorney General* and *Robert L. Simpson, Assistant,* for respondent state (*Century Builders, Inc.,* case).

MALLERY, J.—The above-captioned cases were tried upon stipulated facts. In the *Rigby* case, No. 33588, the trial court gave judgment for the plaintiffs. In the *Century Builders, Inc.,* case, No. 33749, the trial court gave judgment for the defendants. The cases were consolidated on appeal because they involved the same question of law. Only the latter case will, therefore, be discussed.

Plaintiff Century Builders, Inc., is in the business of acquiring tracts of land, improving them by clearing, grading, constructing roads, installing water mains, platting them into lots, and constructing homes thereon. It offers the houses for sale to the general public.

It had proceeded up to the point of actually commencing construction on the three homes in question when the negotiations leading to their sales were entered into. Plans of the houses were shown to their respective purchasers and referred to in earnest-money agreements. The houses were then completed according to the plans, under the supervision of the veterans' administration. The credit of the purchasers was approved by the veterans' administration in order to secure "G. I. Loans." The transactions were closed by the simultaneous execution and delivery of mortgages

from the purchasers, which were guaranteed by the veterans' administration, deeds from appellant, and payments of the financing costs in accordance with the earnest-money agreements. The earnest-money agreements provided that the purchasers were entitled to possession of the properties upon *closing* the transactions.

The tax commission assessed a three per cent sales tax under the provisions of RCW 82.04.050 [formerly Rem. Supp. 1949, § 8370-5(d)] on the amount of the purchase price of the homes, less the value of the lots, and allowed credit for the amount of tax already paid on the building material. The county treasurer exacted a real-estate excise tax of one per cent of the total purchase prices under the Laws of 1953, chapter 94, § 1, p. 183, before recording the deeds.

The Century Builders, Inc., brought its action to recover these taxes. The trial court denied it the relief sought, and the plaintiff appeals.

The appellant assigns as error the court's finding (1) that the closing transactions are subject to the retail sales tax, and (2) that the purchasers of the houses were consumers under the purview of the retail sales tax statute.

Reference must be made to RCW 82.04.050 to determine whether a particular transaction constitutes a sale at retail. It provides, *inter alia*:

"The term 'sale at retail' or 'retail sale' shall include the sale of or charge made for tangible personal property consumed and/or for labor and services rendered in respect to the following: . . . (2) the constructing, repairing, decorating, or improving of new or existing buildings or other structures under, upon, or above real property of or *for consumers*, . . ." (Italics ours.)

The definition of a consumer is found in RCW 82.04.190 [*cf*. Rem. Supp. 1949, § 8370-5(r)], which provides, *inter alia*:

" 'Consumer' means the following: . . .
"(4) Any person who . . . *has the right of possession to* . . . *real* . . . *property* which is being constructed, . . . " (Italics ours.)

The appellant had paid the retail sales tax on all of the building material used at the time it was purchased. The propriety of so doing is not questioned, and the state deducted it from the total amount of the sales tax it claimed as due on the purchase prices of the homes.

The state, however, contends that the clause in the earnest-money agreements, which gave the purchasers the *right of possession* upon closing the transactions, brings them under the language of the statute, which defines a consumer as: "Any person who . . . has the right of possession to . . . real . . . property which is being constructed." It then contends that as *consumers* the purchasers are subject to the retail sales tax in accordance with the assessments heretofore set out.

Since the state does not contend that the retail sales tax applies to the sale of real estate, it takes the position the purchasers were entitled to immediate possession of the lots under the earnest-money agreements, and were, therefore, liable for the retail sales tax accruing on the houses while they were being constructed.

This theory is not sound. The earnest-money agreements are only the first of a number of instruments comprising the terms of the transactions which defined the rights of the parties thereto. They give no *right of possession* to either land or houses until the transactions *are closed*. This entails three additional requirements subsequent to the earnest-money agreements: (1) the approval of credits, (2) the delivery of mortgages, and (3) the delivery of deeds. When all of these steps have occurred and the transactions are closed, the right to possession follows as a matter of law. The earnest-money agreements do not give any rights of possession before that time. The purchasers were, therefore, not entitled to possession of the land during the construction of the houses and are not consumers under the statute.

By the time the transactions were closed, the construction of the houses had been completed, the retail sales tax due on the building materials had been paid by appellant,

the properties in their entirety had become real estate. The purchasers bought real estate consisting of houses and lots— not bare lots.

█ Accordingly, appellant owed the one per cent real-estate excise tax upon the full purchase price of the properties. It did not owe any additional retail sales tax thereon.

The judgment is modified in *Century Builders, Inc. v. State*, No. 33749, in accordance with this opinion, and is affirmed in *Rigby v. State*, No. 33588.

HILL, C. J., DONWORTH, WEAVER, and OTT, JJ., concur.