528 F.2d 1390
 Donald H. BUTLER, as surviving Trustee of the Fred E. Butler
Estate Trust, and Donald H. Butler, as an
Individual beneficiary, Plaintiffs-Appellants,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a corporation,
Defendant-Appellee.
 No. 74--2377.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 22, 1975.
Rehearing Denied Feb. 9, 1976.
 
 Iver J. Longeteig (argued), Runft & Longeteig, Boise, Idaho, for plaintiffs-appellants.
 W. Kenneth Jones (argued), MacGillivray, Jones, Clarke, Schiffner & Johnson, Spokane, Wash., for defendant-appellee.
 OPINION
 Before KOELSCH, BROWNING and GOODWIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff appeals from a $5,000 judgment entered against defendant after the district judge ruled that the case had been settled for that sum. The plaintiff contends that he had not authorized his then attorney to make such a settlement, and that the judgment therefore must be set aside.
 
 
 2
 The district judge made a finding of fact to the effect that plaintiff had authorized the settlement, but changed his mind when a release form was presented to him for his signature. Although based upon affidavits rather than upon live testimony, the finding is supported by evidence and is not clearly erroneous. Accordingly, the finding of fact is binding upon this court.
 
 
 3
 Given this factual situation, plaintiff contends that the settlement is void as a matter of state law, citing R.C.W. 2.44.010.[1]
 
 
 4
 Plaintiff argues that, because there is diversity of citizenship, local law controls settlement, and that under local law the settlement agreement never came into being because it was not made in compliance with R.C.W. 2.44.010.
 
 
 5
 It is true that plaintiff's attorney did not appear in open court and dictate the terms of the settlement into the record, or 'in the presence of the clerk.' It is also true that the memorial of the settlement was not signed by the party (plaintiff). However, the plaintiff's attorney, in his affidavit filed in the proceedings to enforce the settlement, admitted the making of the settlement, and signed his name to the affidavit. If R.C.W. 2.44.010 does apply to federal court proceedings by way of limiting the authority of an attorney operating within the geographic boundaries of the state of Washington, then the statute was satisfied when the attorney signed the affidavit, even if the statute had not been satisfied prior to that time.
 
 
 6
 Affirmed.
 
 
 
 [1]
 R.C.W. 2.44.010 Authority of Attorney
 An attorney and counselor has authority;
 '(1) To bind his client in any of the proceedings in an action or special proceeding by his agreement duly made, or entered upon the minutes of the court; but the court shall disregard all agreements and stipulations in relation to the conduct of, or any of the proceedings in, an action or special proceeding unless such agreement or stipulation be made in open court, or in presence of the clerk, and entered in the minutes by him, or signed by the party against whom the same is alleged, or his attorney;
 '(2) To receive money claimed by his client in an action or special proceeding, during the pendency thereof, or after judgment upon the payment thereof, and not otherwise, to discharge the same or acknowledge satisfaction of the judgment;
 '* * *.'ece