[No. 44548. En Banc. August 25, 1977.]

RILEY PLEAS, INC., *Appellant,* v. THE STATE OF
WASHINGTON, ET AL, *Respondents.*

*Quigley, Hatch, Loveridge & Leslie,* by *James F.
Loveridge, Jr.,* and *Edward M. Holpuch, Jr.,* for appellant.

*Slade Gorton, Attorney General,* and *John R. Wasberg*
and *Matthew J. Coyle, Assistants,* for respondents.

BRACHTENBACH, J.—This action challenges the Department of Revenue's interpretation of retail sales tax statutes

and secondarily contends that Revenue is bound to give a refund under the terms of a settlement agreement. The trial court held for Revenue on both issues. We affirm.

Riley Pleas, Inc., a construction company, entered into contracts with several housing authorities to build public "turnkey" housing. Pursuant to these agreements, Pleas built dwelling units upon land it owned. During construction, title and the right of possession remained in Pleas. These rights were not conveyed to the housing authorities until construction was completed.

Revenue assessed taxes against Pleas on the basis that it owed a retail sales tax on subcontracts and materials purchased by it in construction of the projects. Pleas challenges this assessment.

RCW 82.08.020 imposes a tax on every retail sale in this state. "Retail sale" is defined in RCW 82.04.050. The first paragraph of that statute starts with the proposition that every sale of tangible personal property is a "retail sale." Then that paragraph sets out several exceptions, including section (b) which Pleas argues exempts it from the tax assessed.

> "Sale at retail" or "retail sale" means every sale of tangible personal property . . . to all persons . . . other than a sale to a person who . . . (b) . . . constructs . . . real or personal property of or for *consumers* . . .

(Italics ours.) RCW 82.04.050(b).

However, this exemption applies to Pleas only if its purchases were for the purpose of constructing property for a consumer. Were the housing authorities consumers? In *Rigby v. States*, 49 Wn.2d 707, 306 P.2d 216 (1957), the issue was whether persons who purchased homes from a contractor were liable for a retail sales tax on the purchase price of the homes. The contractor owned the land on which construction was to take place and, prior to building thereon, he entered into purchase money agreements with the purchasers. Those agreements provided that the purchasers were entitled to possession of the properties upon closing the transactions. The transactions were not closed

until credit was approved and deeds and mortgages were delivered. By the time these events were concluded, construction of the houses had been completed.

We held that the purchasers were not taxable under the statute advanced by Revenue because they were not consumers. We relied on the definition of "consumer" found in RCW 82.04.190 which provides in part:

> "Consumer" means the following:
>
> . . .
>
> (4) Any person who . . . has the right of possession to . . . real property which is being constructed, . . .

In this case, Pleas, not the housing authorities, had the right of possession to the property during construction. The contracts provide that:

> Possession shall be delivered to the Purchaser at the time of closing and the Purchaser shall have the right of occupancy from that time.

Further, the contracts provided that the transaction would not be closed until construction was completed, inspected and certified, and the deed and total payment were delivered. The housing authorities were not entitled to possession of the projects during construction; they were not consumers under the statute. Therefore, the exemption relied on by Pleas does not apply.

Revenue's position on appeal and in Excise Tax Bulletin No. 449.12.170 is that the second paragraph of RCW 82.04-.050 imposes a tax on Pleas' purchases of materials and subcontracts. That paragraph provides in part that:

> The term "sale at retail" or "retail sale" shall include the sale of or charge made for tangible personal property consumed and/or for labor and services rendered in respect to the following: . . . (b) the constructing . . . of new : . . buildings or other structures under, upon, or above real property of or for consumers . . .

For Revenue's position to prevail, it must first be true that Pleas was a consumer in its purchases of materials and subcontracts.

Pleas argues that it falls within an exception to the definition of "consumer" found in RCW 82.04.190(1)(b). That section provides that one is not a consumer if he makes purchases for the purpose

of incorporating such property as an ingredient or component of real or personal property when . . . constructing . . . such real or personal property of or for consumers . . .

But this exception applies only if, at the time of Pleas' purchases, the housing authorities were consumers. We have concluded that they were not consumers. Therefore, the exception is not applicable.

It is clear that Pleas was a consumer when it purchased the materials and entered into the subcontracts. At that time, it had the right of possession to the real property. RCW 82.04.190(4). As a result, Pleas is liable for the tax assessed.

The second issue relates to a settlement agreement entered into by Revenue and Pleas.

When Revenue originally audited Pleas, it decided that the housing authorities were consumers under the statute. As a result, Revenue did not attempt to collect retail sales taxes on the subcontracts and purchases of materials. Instead, a business and occupation tax under the retailing category was assessed. Pleas paid that tax, but brought an action for a refund, alleging that the tax was not applicable to turnkey projects.

Revenue then reviewed its decision and issued Excise Tax Bulletin No. 449.12.170. That bulletin agreed that the sale of the completed projects to the housing authorities was not a retail sale. As a result, the business and occupation tax was not owed by Pleas.

But, the bulletin provided further that because the contractor and not the housing authorities had the right of possession during construction, the contractor is a consumer and liable for a sales tax on his purchases of materials and subcontracts. Finally, the bulletin provided that if, in entering a turnkey contract, a contractor had relied on

Revenue's earlier position that only the business and occupation tax was applicable, that amount would be the maximum assessed.

Revenue and Pleas then entered into the agreement we now consider. Under the agreement, Revenue released Pleas from any sales tax above the amount that would have been collected had the business and occupation tax been applicable. The agreement also provided:

> WHEREAS, it has been agreed between Riley Pleas, Inc. and the State of Washington and George C. Kinnear, as Director of the Department of Revenue, that the Business and Occupation Tax does not apply to such "Turnkey" projects but it is the belief of the Director of Department of Revenue, George C. Kinnear, that the Retail Sales Tax or Use Tax applies pursuant to Excise Tax Bulletin 449.12.170 issued July 3, 1972, . . .

and further,

> In the event of a final judicial determination by the State or Federal Court that the Sales and/or Use Tax does not apply to "Turnkey" projects of the nature considered in Excise Tax Bulletin 449.12.170, Riley Pleas, Inc. shall be entitled to a refund or credit . . .

Pleas then brought an action against the housing authorities to collect a retail sales tax on the buildings sold. (This was done despite the fact that Revenue had already stated in the tax bulletin that those transactions were not subject to such a tax.) The action was dismissed on the basis of the rule in *Rigby v. State, supra,* or in the alternative, that housing authorities are statutorily exempt from paying retail sales taxes on their purchases of turnkey projects, RCW 35.82.210.

Pleas next brought this action alleging that the litigation against the housing authorities established that sales and/or use taxes do not apply to turnkey projects. Therefore, Pleas argues that under the settlement agreement, it is entitled to a refund. We disagree.

■ A compromise or settlement agreement is a contract, and its construction is governed by the legal principles

applicable to contracts. It is subject to judicial interpretation in the light of the language used and the circumstances surrounding its making. 15A Am. Jur. 2d *Compromise and Settlement* § 23 (1976).

The agreement specifically refers to Revenue's interpretation of the statute, set forth in Excise Tax Bulletin No. 449.12.170, as being the pivotal issue. In that bulletin, Revenue ruled: first, the sale of turnkey housing was not subject to the retail sales tax when the contractor had the right of possession during construction; second, the purchases by the contractor were a taxable event.

All that the litigation determined was that housing authorities do not owe a retail sales tax on the purchase of a turnkey project. It was not a judicial determination that the sales and/or use tax does not apply to turnkey projects so far as Pleas' activities are concerned. Pleas simply did not bring itself within the terms of the agreement and is not entitled to a refund.

Judgment affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.