[No. 5139-1-III. Division Three. June 23, 1983.]

KEITH L. STOTTLEMYRE, ET AL, *Appellants,* v. JAMIE L. REED, ET AL, *Respondents.*

*Charles T. Morbeck* and *Gregory A. Beeler,* for appellants.

*Francois X. Forgette* and *Raekes, Rettig, Osborne, Forgette & Brecke,* for respondents.

MUNSON, J.—Keith L. and Anne M. Stottlemyre, husband and wife, appeal an order enforcing an oral settlement

agreement. The sole issue is whether an oral agreement to settle a tort action is not final and binding until reduced to writing and signed.

On June 1, 1979, Mr. Reed drove his automobile into the back of Mrs. Stottlemyre's car; she sustained injuries to her back and neck as a result thereof. The Stottlemyres filed a personal injury action. After preliminary discovery and negotiations, the attorneys for the parties reached a proposed oral settlement of $8,800, subject to the approval of Mrs. Stottlemyre. Mrs. Stottlemyre's attorney obtained her approval orally, and thereafter Mr. Reed's attorney drew up the settlement papers which were sent to her attorney. After a month, the papers were returned unsigned. On March 15, 1982, the Reeds moved to enforce the settlement agreement; the motion was granted and the Stottlemyres appeal.

■ The Stottlemyres contend an oral agreement to settle a tort action is not final and binding until reduced to writing and signed. We disagree. Since releases and compromise and settlement agreements are considered to be contracts, their construction is governed by the legal principles applicable to contracts and they are subject to judicial interpretation in light of the language used and the circumstances surrounding their making. *Riley Pleas, Inc. v. State*, 88 Wn.2d 933, 937–38, 568 P.2d 780 (1977); *Maxwell's Elec., Inc. v. Hegeman–Harris Co. of Can.*, 18 Wn. App. 358, 567 P.2d 1149 (1977).

■ If the intention of the parties is plain and the terms of a contract are agreed upon, then a contract exists, even though one or both of the parties may have contemplated later execution of a writing. *Bharat Overseas, Ltd. v. Dulien Steel Prods., Inc.*, 51 Wn.2d 685, 688, 321 P.2d 266 (1958); *Fuller v. Ostruske*, 48 Wn.2d 802, 807, 296 P.2d 996 (1956); Restatement (Second) of Contracts § 27 (1979). Here the intent of the parties and the terms of the oral settlement agreement were clear. There is no evidence this oral agreement was specifically conditioned on the execution of various written documents. We hold under these

facts the court did not err by enforcing the oral agreement between the parties.

The Stottlemyres contend the agreement was unenforceable because it did not comply with RCW 2.44.010(1), which requires for a stipulation, made by attorneys, to be binding on their clients, it must be either (1) made in open court or entered in the clerk's minutes or (2) signed by the party or his attorney against whom the same is alleged. We disagree.

■■ RCW 2.44.010(1) does provide an agreement entered into by an attorney, to be binding upon his client, must be (1) presented in open court or (2) signed by the party against whom the same is alleged or his attorney. *Snyder v. Tompkins*, 20 Wn. App. 167, 173, 579 P.2d 994 (1978). However, Mrs. Stottlemyre's attorney entered into the oral settlement agreement subject to her approval. She approved that agreement orally, giving him authority to accept the offered amount. Furthermore, strict compliance with RCW 2.44.010(1) is not required. In *Butler v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 528 F.2d 1390 (9th Cir. 1975), the court stated at page 1391:

> It is true that plaintiff's attorney did not appear in open court and dictate the terms of the settlement into the record, or "in the presence of the clerk." It is also true that the memorial of the settlement was not signed by the party (plaintiff). However, the plaintiff's attorney, in his affidavit filed in the proceedings to enforce the settlement, admitted the making of the settlement, and signed his name to the affidavit. If R.C.W. 2.44.010 does apply to federal court proceedings . . . then the statute was satisfied when the attorney signed the affidavit, even if the statute had not been satisfied prior to that time.

Here, the following was made part of the record on the motion for trial:

The Court: Were you the one who negotiated this matter?

Mr. Beeler: Yes, Your Honor.

The Court: And were there negotiations and was there a conversation between you and Mr. Forgette

in which you accepted $8,800 subject to the approval of your client?

Mr. Beeler: Yes.

The Court: And did you later contact Mr. Forgette and indicate to him that you had that approval?

Mr. Beeler: Yes.

The Court: Did you have that approval?

Mr. Beeler: Orally, yes.

RCW 2.44.010 was satisfied when this questioning took place in open court and became part of the record.

Finally, the Stottlemyres contend that even if the court holds the oral agreement is valid, the rule that a written and executed release will not discharge a defendant from liability for injuries discovered by the plaintiff after the release is signed should apply, because Mrs. Stottlemyre suffered "renewed" pain not anticipated when the oral agreement was reached. We disagree.

██ Several principles must be considered when an issue of this nature is raised. First, the law favors the private settlement of disputes and is inclined to view them with finality. *Snyder v. Tompkins, supra* at 173. Second, the law favors just compensation of accident victims. *Hawaiian Ins. & Guar. Co. v. Mead,* 14 Wn. App. 43, 57, 538 P.2d 865 (1975). The court does not permit the avoidance of a release merely because a previously unknown injury is discovered; but instead, the court considers several factors to determine whether the release was fairly and knowingly made. *Finch v. Carlton,* 84 Wn.2d 140, 144–45, 524 P.2d 898 (1974). Those factors are:

> (1) the peculiar dignity and protection to which the law cloaks the human person, as contrasted with articles of commerce; (2) the inequality of the bargaining positions and relative intelligence of the contracting parties; (3) the amount of consideration received; (4) the likelihood of inadequate knowledge concerning future consequences of present injury to the human body and brain; and (5) the haste, or lack thereof, with which release was obtained.

*Finch v. Carlton, supra* at 146 (quoting *Finch v. Carlton,* 10 Wn. App. 32, 39, 516 P.2d 212 (1973) (McInturff, J., dis-

senting)). Applying the above factors to the facts presented, we hold the release was fairly and knowingly made.

The rule permitting the setting aside of a release has not been expanded to include situations in which the parties have been mistaken about future development of a known injury. *Lambert v. State Farm Mut. Auto. Ins. Co.*, 2 Wn. App. 136, 140–41, 467 P.2d 214 (1970). Here, the injury was known and in Mrs. Stottlemyre's own words, she was experiencing "renewed pain".

Affirmed.

ROE, C.J., and GREEN, J., concur.

Reconsideration denied July 20, 1983.

Review denied by Supreme Court October 7, 1983.