[No. 28600-5-I. Division One. January 21, 1992.]

DAVID BAKER, ET AL, *Plaintiffs*, v. CORY B. WINGER, ET AL, *Appellants*, THE STATE OF WASHINGTON, *Respondent*.

*David A. Welts* and *Welts & Welts,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Virginia O. Binns, Assistant,* for respondent.

WEBSTER, A.C.J. — Defendants Cory B. Winger, S&W Fine Foods, Inc., and Tri Valley Growers appeal the trial court's summary judgment dismissing their contribution claim against the State of Washington, the respondent and codefendant. We affirm the dismissal.

## FACTS

The contribution action at issue in this appeal arose out of a traffic collision in which the plaintiff, David W. Baker, was seriously injured. The collision occurred on a state road comprised of two lanes of traffic heading west, two lanes heading east, and a 2-way center turn lane. On February 1, 1983, Baker was driving his motorcycle westbound and had entered the center turn lane. Winger was attempting to drive south across all five lanes of traffic. The westbound lanes of traffic were stopped, and a motorist in the outside lane waved Winger to pass in front. Winger passed in front of the stopped car and into the center turn lane, where Baker's motorcycle collided into the side of Winger's car. Baker was severely injured.

Baker brought suit on March 18, 1983, naming several parties as defendants in addition to Winger. He alleged that S&W Fine Foods, Inc., and Tri Valley Growers were liable under agency theories, and that the State of Washington was liable because it had violated roadway design and signing standards. Baker dismissed his claims against Unigard Insurance Co. and the City of Mount Vernon, who were also named as defendants.

On the first day of trial, June 4, 1984, Baker entered into a settlement agreement with the appellants and voluntarily dismissed his suit against the State. The State offered to release its medical lien against Baker in settlement of Baker's claims against the State. However, since the appellants conditioned their settlement with Baker on his cooperation in seeking contribution against the State, and Baker's acceptance of the State's offer would have extinguished the appellants' right to seek contribution against the State under RCW 4.22.060(2), Baker rejected the State's offer. The appellants agreed to pay Baker a present value of $451,416.11, comprised of a $226,976 cash payment and a structured settlement of $224,440. The total yield of the settlement was $1,538,239.

The terms of the settlement were read into the record:

MR. WELTS: We, meaning the defendants S & W and Winger, have made a settlement with the plaintiff. The settlement will not include any contribution from the state, and I believe the plaintiff will take a voluntary dismissal of their suit against the state and will obviously dismiss us.

* * *

MR. LUDWIGSON: From the plaintiff's perspective, unless the Court is prepared to enlighten us on the contribution statute, we feel we are obligated and are going to accept the offer of S & W and we'll give them a full release and dismissal with prejudice and at this point in time we move to take a voluntary nonsuit against the State of Washington.

Baker did not express whether his nonsuit against the State was taken with prejudice, although he did expressly dismiss his claims against the appellants with prejudice. The appellants indicated that they intended to assert a contribution claim against the State, and Baker acknowledged that his acceptance of the appellants' offer was conditioned upon his willingness to participate in the contribution trial.

After the oral agreement had been entered into the record, the State requested that the appellants furnish any additional terms and documentation of the settlement with Baker. The appellants indicated in a letter dated June 6, 1984, that the cash payment would be $230,000 rather than

$200,000, and that all other terms of the agreement were contained in the record. On March 30, 1989, in response to a formal request for production by the State of any documentation showing the terms of the settlement, the appellants responded:

$200,000 cash paid 6/30/84
26,976.11 cash paid 5/13/87
Structured settlement paid according to terms outlined in attached letter. $230,000 cash payment reduced to $226,976.11 and paid as above after plaintiff discharged State lien.
Cost of structured settlement to Unigard was $224,440.00 paid on 6/18/84 to Western National Life Insurance Company. Total paid by Unigard to, or for the plaintiff, therefore was $451,416.11.
No other documents signed between plaintiff and defense nor between plaintiff's counsel and defense counsel. To be done following reasonableness hearing.

On April 25, 1989, the State moved to dismiss Baker's claims against it, arguing that the State's liability had not been extinguished by the settlement, and that the appellants therefore had no right to seek contribution. The State further argued that Baker's claims against the State were barred by the statute of limitations. The trial court granted the State's motion.

DISCUSSION

RCW 4.22.040(2) states:

Contribution is available to a person who enters into a settlement with a claimant only (a) if *the liability of the person against whom contribution is sought has been extinguished by the settlement* and (b) to the extent that the amount paid in settlement was reasonable at the time of the settlement.

(Italics ours.) The purpose of RCW 4.22.040(2) is to protect the party against whom contribution is sought from exposure to double liability via both the injured plaintiff and the settling tortfeasor seeking contribution. *Kirk v. Moe*, 114 Wn.2d 550, 553, 789 P.2d 84 (1990). It is a condition precedent to prosecuting a contribution action, not a statute of limitations. *Kirk*, at 553. It need not be satisfied within any particular time period so long as it is satisfied

within the statute of limitations applicable to the contribution action. See page 824. The appellants contend that their settlement with Baker made clear that Baker's voluntary nonsuit against the State was taken with prejudice, and that the State's liability was extinguished by the settlement as required by RCW 4.22.040(2). The State, on the other hand, contends that since Baker dismissed his claim against the State without prejudice and Baker could refile his claim against the State anytime before the statute of limitations applicable to his claim expired, the State's liability was not extinguished and the appellants never acquired any right of contribution under RCW 4.22.040(2).

Settlement agreements are contracts, and their construction is governed by the legal principles applicable to contracts. *Stottlemyre v. Reed*, 35 Wn. App. 169, 171, 665 P.2d 1383 (holding that oral settlement agreement was binding), *review denied*, 100 Wn.2d 1015 (1983). The oral settlement agreement between the appellants and Baker contained in the record indicates that the appellants intended to seek contribution from the State, and that Baker agreed to reject the State's settlement offer and to assist the appellants in prosecuting their contribution action against the State as a condition of the settlement agreement. Since the contribution statute required that the parties extinguish the State's liability before the appellants could seek contribution from the State, we may infer that the parties meant to dismiss the State from the lawsuit with prejudice. *See Berg v. Hudesman*, 115 Wn.2d 657, 801 P.2d 222 (1990) (extrinsic evidence is admissible to determine the meaning of what the parties said). Baker may have been bound by the terms of the contract between himself and the appellants to not renew his claims against the State.

The State, however, was not a party to the contract between Baker and the appellants. CR 41(a)(1)(B)(4) states, *"Unless otherwise stated in the order of dismissal,* [a voluntary dismissal taken by the plaintiff] *is without prejudice"*. (Italics ours.) Here, Baker's counsel dismissed the appel-

lants with prejudice, but did not dismiss the State with prejudice:

> [W]e . . . are going to accept the offer of S & W and we'll give them *a full release and dismissal with prejudice* and at this point in time *we move to take a voluntary nonsuit* against the State of Washington.

Because of the presumption that a voluntary nonsuit is without prejudice unless otherwise stated, the State justifiably assumed that the nonsuit had been taken without prejudice and that the agreement between Baker and the appellants did not extinguish the State's liability. Since Baker did not dismiss his claims against the State with prejudice, and could have renewed his claim against the State upon modifying his settlement contract with the appellants, the settlement agreement did not extinguish the State's liability pursuant to RCW 4.22.040(2).

 The statute of limitations applicable to a contribution claim is RCW 4.22.050. RCW 4.22.050(3) states in relevant part:

> If no judgment has been rendered, the person bringing the action for contribution either must have (a) discharged by payment *the common liability* within the period of the statute of limitations applicable to the claimant's right of action against him and commenced the action for contribution within one year after payment, or (b) agreed while the action was pending to discharge *the common liability* and, within one year after the agreement, have paid the liability and commenced an action for contribution.

(Italics ours.) Inherent in the term "common liability" as used in RCW 4.22.050(3) is the assumption that the liability of the defendant against whom contribution is sought has been extinguished. Thus, to satisfy the statute of limitations under either subsection, the party seeking contribution must achieve a settlement with the plaintiff within either of the prescribed time periods, which effectively extinguishes the liability of the defendant against whom contribution is sought. In addition, the party seeking contribution must plead a contribution claim and pay the plaintiff the amount of the common liability within the given time periods.

In the instant case, the appellants "commenced" their contribution action against the State within the statute of limitations, because they asserted a cross claim against the State for contribution in their amended complaint. However, the appellants failed to "discharge by payment the common liability" by February 1, 1986, the statute of limitations applicable to Baker,[1] because they did not extinguish the State's liability within that time period. Nor did they pay the entire amount of the settlement within that time period, since the appellants did not pay $26,976 of the settlement amount until May 13, 1987. *See* RCW 4.22.050(3)(a). The appellants also failed to "agree[] while the action was pending to discharge the common liability" and pay the common liability by June 4, 1985, 1 year after the agreement. *See* RCW 4.22.050(3)(b). Therefore, the appellants' contribution claim against the State is barred by the statute of limitations.

The judgment is affirmed.

COLEMAN and BAKER, JJ., concur.