[No. 12317-1-III. Division Three. July 27, 1993.]

SHARON L. HOWARD, *Appellant,* v. DONNA DIMAGGIO, ET AL, *Respondents.*

*LeRoy P. Shuster* and *Shuster Law Office,* for appellant.

*Michael J. McMahon* and *Etter & McMahon, P.S.,* for respondents.

SHIELDS, J.* — Sharon Howard sued Donna Dimaggio for injuries she received in an automobile accident. Their attorneys negotiated a settlement. Before execution of the settlement documents, Ms. Dimaggio's insurance carrier paid Ms. Howard's insurance carrier for its subrogation interest. Ms. Howard subsequently refused to sign the settlement documents. The court granted Ms. Dimaggio's motion to enforce the settlement. Ms. Howard contends the court erred. We agree, reverse and remand for trial.

On August 17, 1990, 3 days before trial, Ms. Dimaggio's attorney offered a settlement of $16,000 cash and payment of Ms. Howard's insurance carrier's subrogation interest in the amount of $8,429.84. Ms. Howard's attorney accepted the offer subject to her approval. That same day, Ms. Dimaggio's attorney notified Ms. Dimaggio's insurer, St. Paul Fire and Marine Insurance Company, that a settlement had been reached.

Ms. Dimaggio's attorney drafted a release of liability to be signed by Ms. Howard, a medical guaranty letter and a stipulation to an order of dismissal to be signed by her attorney, and an order of dismissal with prejudice to be presented to the court. The documents were sent to Ms. Howard's attorney on August 23, 1990, accompanied by a cover letter indicating a check would be issued after all of the documents were signed and returned to him.[1] A copy of the letter was sent to

---

*Judge George T. Shields was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.

[1]The cover letter read:
"Enclosed please find the following:
   "1) Release of Liability;
   "2) Medical guarant[y] letter;
   "3) Stipulation and Order of Dismissal with Prejudice;
"Because of the liens in this case, I will need your signature on the medical guarant[y] letter or confirmation from the subrogating parties that subrogation

Lloyd Brian, the claims supervisor for St. Paul. On September 20, 1990, St. Paul issued a check to Farmers Insurance Group in the amount of $8,429.84. Farmers cashed the check, satisfying its subrogation interest.

On October 5, 1990, Ms. Dimaggio's attorney reminded Ms. Howard's attorney they were still awaiting the executed settlement documents. In November, Ms. Howard's attorney responded that Ms. Howard was dissatisfied with the settlement agreement and would not be signing the documents. In February 1991, Ms. Howard's attorney withdrew and new counsel was substituted.

On February 7, 1992, Ms. Dimaggio filed a motion for an order enforcing the settlement agreement. After a hearing on February 28, the court granted the motion, finding: "Settlement was agreed upon by the attorneys for the parties. Plaintiff is estopped to deny the settlement of this case." The court ordered Ms. Howard to execute all documents required to settle the matter, and dismissed her complaint with prejudice.

The court's authority to enforce a settlement agreement is derived from court rule and statute. CR 2A provides:

> No agreement or consent between parties or attorneys in respect to the proceedings in a cause, the purport of which is disputed, will be regarded by the court unless the same shall have been made and assented to in open court on the record, or entered in the minutes, or unless the evidence thereof shall be in writing and subscribed by the attorneys denying the same.

RCW 2.44.010 provides, in part:

> An attorney and counselor has authority:
> (1) To bind his client in any of the proceedings in an action or special proceeding by his agreement duly made, or entered

interest has been satisfied. That brings us to the matter of the check. At present, I can provide you a check payable to Mrs. Howard, yourself, Blue Cross, Fairchild Air Force Base and Champus. In the alternative, if you provide me with written verification from each of those entities that their subrogation interest has been satisfied or will be satisfied, and that those entities do not intend to hold the defendant, her attorneys, or her insurer liable on those claims, I can make the check payable to you and Mrs. Howard.

"Please let me know how you want to proceed.

"Once I have all of the above documents signed and returned to me, the check can be issued as discussed above."

upon the minutes of the court; but the court shall disregard all agreements and stipulations in relation to the conduct of, or any of the proceedings in, an action or special proceeding unless such agreement or stipulation be made in open court, or in presence of the clerk, and entered in the minutes by him, or signed by the party against whom the same is alleged, or his attorney[.]

■ CR 2A and RCW 2.44.010 are designed to avoid disputes like the one between these parties:

The purpose of the cited rule and statute is to avoid such disputes and to give certainty and finality to settlements and compromises, if they are made. While the compromise of litigation is to be encouraged, negotiations toward a compromise are not binding upon the negotiators. Where, as here, it is disputed that the negotiations culminated in an agreement, noncompliance with the rule and statute leaves the court with no alternative. It must disregard the conflicting evidence as they direct.

*Eddleman v. McGhan*, 45 Wn.2d 430, 432, 275 P.2d 729 (1954); *see also Bryant v. Palmer Coking Coal Co.*, 67 Wn. App. 176, 179, 834 P.2d 662 (1992), *review denied*, 120 Wn.2d 1027 (1993).

■ Here, it is undisputed that these procedures were not followed. Ms. Howard's attorney entered into an oral settlement agreement subject to her approval. In his deposition, he stated he and Ms. Dimaggio's attorney had agreed on the specific amounts required for settlement, but did not discuss details of the release and hold harmless documents, verification of satisfaction of the interests of other subrogated parties, or who would be designated payees on the $16,000 check. Ms. Howard's attorney stated he accepted the dollar amounts of the proposed settlement contingent upon Ms. Howard's approval of the terms and conditions of the release and hold harmless documents.

Ms. Dimaggio contends the deposition of Ms. Howard's attorney satisfies the requirements of RCW 2.44.010 and CR 2A, relying on *Stottlemyre v. Reed*, 35 Wn. App. 169, 172, 665 P.2d 1383, *review denied*, 100 Wn.2d 1015 (1983) (citing *Butler v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 528

F.2d 1390, 1391 (9th Cir. 1975)). She argues Ms. Howard's attorney admitted in his deposition that a settlement was reached, waived his signature, and thereby constructively signed the deposition pursuant to CR 30(e). Her reliance on *Stottlemyre* is misplaced.

In *Stottlemyre*, the agreement between the attorneys was made in open court. Mrs. Stottlemyre's attorney stated he accepted a settlement subject to his client's approval, and that his client had orally approved it. *Stottlemyre*, at 172-73. Here, while Ms. Howard's attorney stated he accepted the settlement contingent on her approval, Ms. Howard did not approve and refused to sign the settlement documents.

■ Even though the evidence establishes the attorneys agreed on the amount of the settlement, it also establishes they did not reach an agreement on the terms of the hold harmless and release documents. Therefore, noncompliance with CR 2A and RCW 2.44.010 left the trial court without authority to enforce the alleged settlement agreement. *Bryant*, at 179. *See also Greyhound Lines, Inc. v. Superior Court*, 98 Cal. App. 3d 604, 159 Cal. Rptr. 657 (1979).

The court also granted the motion to enforce the settlement agreement on an alternative basis. It found Ms. Howard is estopped from denying the settlement agreement because she did not timely convey her disapproval of the release terms to Ms. Dimaggio, and Ms. Dimaggio's insurance carrier performed in accordance with the agreement.

■ Equitable estoppel is not favored, and the party asserting estoppel must establish by clear, cogent, and convincing evidence (1) an admission, statement, or act inconsistent with a claim afterward asserted, (2) an act by that party in reasonable reliance on the admission, statement, or act of another, and (3) injury to the relying party if the court allows the first party to contradict or repudiate the earlier admission, statement, or act. *Robinson v. Seattle*, 119 Wn.2d 34, 82, 830 P.2d 318, *cert. denied*, ___ U.S. ___, 121 L. Ed. 2d 598, 113 S. Ct. 676 (1992). Estoppel focuses on the justified

reliance of the party asserting it, *Farnam v. CRISTA Ministries*, 116 Wn.2d 659, 679, 807 P.2d 830 (1991); the reliance must be reasonable, *Leonard v. Washington Employers, Inc.*, 77 Wn.2d 271, 461 P.2d 538 (1969). Estoppel can arise when one has a duty to speak out, *McDaniels v. Carlson*, 108 Wn.2d 299, 308, 738 P.2d 254 (1987), but in order to create an estoppel, it is necessary that the party claiming to have been influenced by the conduct, silence or declarations of another either lacked knowledge of the true facts or could not acquire them, *PUD 1 v. WPPSS*, 104 Wn.2d 353, 365, 705 P.2d 1195, 713 P.2d 1109 (1985).

Ms. Dimaggio contends all three elements were established in this case.[2] We disagree; none of the elements were established. First, there was no admission, statement, or act by Ms. Howard or her attorney that was inconsistent with a claim afterward asserted by either of them. Ms. Howard's attorney accepted the amount of Ms. Dimaggio's settlement offer subject to Ms. Howard's approval of the terms and conditions of the settlement documents. Ms. Dimaggio's attorney conditioned issuance of the $16,000 settlement check to Ms. Howard on her execution of the settlement documents he drafted; her silence and her failure to return the documents indicated they were unacceptable to her. No inconsistent claim was afterward asserted by either Ms. Howard or her attorney.

Second, neither Ms. Dimaggio nor St. Paul acted in reasonable reliance on any admission, statement or act of Ms. Howard or her attorney. St. Paul acted in reliance on Ms. Dimaggio's attorney's representations that a settlement had been reached. Furthermore, it paid Farmers subrogation interest without determining that the settlement documents had been executed despite its knowledge that issuance of the

---

[2]She argues the settlement agreement reached by the attorneys, coupled with Ms. Howard's silence while St. Paul acted in reliance on the settlement agreement, satisfies the first element; St. Paul's payment of Farmers subrogation interest satisfies the second element; and Ms. Howard's refusal to complete the settlement results in a loss of $8,429.84 to Ms. Dimaggio and her insurer, thus satisfying the third element.

settlement check to Ms. Howard was conditioned on the execution and return of all documents tendered to her.

Finally, Ms. Dimaggio cannot establish resulting injury to her or her insurer because the first two elements of estoppel have not been established.

We reverse the superior court order enforcing the settlement and dismissing the complaint, and remand for trial.

SWEENEY, A.C.J., and MUNSON, J., concur.