**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROSEMARY TRUJILLO,

      Plaintiff-Appellant,

v.

STATE OF NEW MEXICO;
DEPARTMENT OF LABOR, State of
New Mexico; PATRICK BACA;
IRENE GARCIA; JIMMY SANCHEZ;
JUDITH SIZEMORE and
GOVERNOR GARY JOHNSON, in
his official capacity,

      Defendants-Appellees.

No. 98-2068
(D.C. No. CIV-96-543-JC)
(D. N.M.)

**ORDER AND JUDGMENT** [*]

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Rosemary Trujillo appeals the district court's order enforcing the settlement of her claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. §§ 1983, 1985.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

Ms. Trujillo, while an employee of the State of New Mexico, Department of Labor, filed charges with the Equal Employment Opportunity Commission (EEOC), alleging that defendants had discriminated against her based on her race, by failing to promote her and by subjecting her to a hostile work environment. After exhausting her administrative remedies, she retained counsel and filed a complaint in district court.  Following the close of discovery in her lawsuit, Ms. Trujillo filed a second charge with the EEOC, asserting retaliation for engaging in a protected activity.  The Department of Labor terminated Ms. Trujillo's employment shortly before the discrimination case was set for trial.

On the eve of trial, Ms. Trujillo's attorney and defendants' attorney reached a settlement resolving all claims against defendants relating to her employment. The attorneys informed the court of the settlement so that it could remove the

matter from its docket. Within days, Ms. Trujillo wrote a letter to the court asserting that her attorney had acted without authority in entering into a settlement. She also filed a third charge with the EEOC, alleging retaliatory termination of her employment.

Ms. Trujillo's letter to the district court was referred to a magistrate judge for treatment as a motion to set aside a settlement agreement. After hearing contradictory testimony from Ms. Trujillo (acting pro se) and her former counsel, the magistrate judge found that, to her later regret, Ms. Trujillo had authorized her attorney to accept the settlement of all claims arising out of her employment. Accordingly, the magistrate judge determined that the attorney had been cloaked with express, implied, and apparent authority to accept defendants' settlement offer, and that principles of contract law dictated the enforcement of the agreement.

Acting through newly-retained counsel, Ms. Trujillo filed objections to the magistrate's findings and recommended disposition. Essentially, Ms. Trujillo disputed the finding that she had authorized her attorney to settle her claims. The district court conducted a de novo review of the relevant portions of the magistrate judge's report, adopted the findings and recommended disposition, and ordered enforcement of the settlement.

Ms. Trujillo then filed a notice of appeal and, at the same time, a motion for relief from judgment under Fed. R. Civ. P. 60(b). [1] In her motion, Ms. Trujillo again asserted that she had not consented to the settlement of any claims. She also added two legal arguments, both focused on the inclusion of her later-filed EEOC charges in the settlement agreement: (1) the district court lacked jurisdiction to enforce settlement of the pending claims and (2) the magistrate judge improperly refused to hear evidence relating to these claims. The defendants countered with a motion to enforce the agreement. The district court determined that Ms. Trujillo had failed to demonstrate any grounds for relieving her from her settlement obligations, denied the Rule 60(b) motion, and granted defendant's motion to enforce the settlement, as memorialized in a written agreement prepared by defendants. Ms. Trujillo did not file a second or amended notice of appeal designating the district court's Rule 60(b) ruling as a subject of appeal.

## DISCUSSION

As an initial matter, we note that our jurisdiction is limited to a review of the order existing at the time the notice of appeal was filed. See Nolan v. United States Dep't of Justice, 973 F.2d 843, 846 (10th Cir.1992); see also Fed. R. App. P. 3(c) (requiring timely notice of appeal designating "the judgment, order, or part

---

[1] Plaintiff's motion also sought to amend or alter judgment under Fed. R. Civ. P. 59. The district court, however, correctly determined that the motion was filed later than ten days after entry of judgment and was therefore untimely.

thereof appealed from"). [2] Furthermore, we generally will not consider any issue or evidence that was not before the district court at that time. See MacKay v. Farnsworth , 48 F.3d 491, 493 (10th Cir. 1995) (stating that this court will not consider an issue on appeal that was not raised below). Nevertheless, we address one of Ms. Trujillo's arguments made for the first time in her Rule 60(b) motion, because it pertains to the district court's jurisdiction. Cf. United States v. Angelo D., 88 F.3d 856, 860 n.2 (10th Cir. 1996) ("Although generally we will not address an issue raised for the first time on appeal, we make exceptions in instances such as this which challenge the district court's jurisdiction.").

Ms. Trujillo asserts that the district court lacked subject matter jurisdiction to adjudicate her pending EEOC claims, see Knopp v. Magaw , 9 F.3d 1478, 1479 (10th Cir. 1993), therefore the court lacked jurisdiction to enforce settlement of the claims. We reject this argument. A trial court has the authority to "enforce a settlement agreement entered into by the litigants while the litigation is pending before it." United States v. Hardage , 982 F.2d 1491, 1496 (10th Cir. 1993). "It is not at all uncommon for settlements to include a global release of all claims past, present, and future, that the parties might have brought against each other."

_____

[2] The Federal Rules of Appellate Procedure have been amended, effective December 1, 1998. The quotation is from Fed. R. App. P. 3(c), as in effect at the time this appeal was filed.

<u>Williams v. General Elec. Capital Auto Lease, Inc.</u>, 159 F.3d 266, 274 (7th Cir. 1998). That is all that was done here.

The underlying theme of Ms. Trujillo's properly preserved issues is that her attorney entered into the settlement agreement without express, implied, or apparent authority. "Once it is shown that an attorney has entered into an agreement to settle a case, a party who denies that the attorney was authorized to enter into the settlement has the burden to prove that authorization was not given." <u>Turner v. Burlington N. R.R.</u>, 771 F.2d 341, 345-46 (8th Cir. 1985). Whether Ms. Trujillo met her burden is a question of fact, <u>see</u> <u>Richmond v. Carter</u>, 616 F.2d 381, 383 (8th Cir. 1980); <u>Butler v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 528 F.2d 1390, 1391 (9th Cir. 1975), and the district court's finding will not be set aside unless it is clearly erroneous, <u>see</u> Fed. R. Civ. P. 52(a).

Based on conflicting testimony the magistrate judge found that Ms. Trujillo had conferred express authority on her attorney to a settle all of her employment-related claims. This finding is not clearly erroneous and we will not disturb it. Moreover, the factual determination on express authority makes Ms. Trujillo's legal discussion of the limitations of the attorney's implied and apparent authority extraneous.

A final argument, concerning the magistrate judge's refusal to allow her to explain her pending EEOC claims, was made for the first time in her Rule 60(b)

motion and thus not a subject of this appeal.  We do not reach it, except to note that it appears to be without merit.  An evidentiary hearing is generally required "where material facts concerning the existence or terms of an agreement to settle are in dispute."   Hardage , 982 F.2d at 1496.  The record here, however, shows that the magistrate judge held an evidentiary hearing centered on the key factual issue in dispute--the actual authority conferred upon Ms. Trujillo's attorney.

For the reasons stated above, the judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge