**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| JASON HILL, as individual, | No.  56602-8-II |
| Appellant. | |
| v. | UNPUBLISHED OPINION |
| WALDMER KLASSAN, as individual; JOSHUA TRANSPORT, INC., a Washington Corporation, | |
| Respondents. | |

PRICE, J. — Jason Hill appeals the superior court's order granting summary judgment in favor of Waldmer Klassan and Joshua Transport Inc.  He argues summary judgment was improper because there was no enforceable settlement agreement between Hill and Joshua Transport's insurer, Great West Casualty Company.  We agree and reverse.

FACTS

I.  BACKGROUND FACTS

Klassan was a truck driver employed by Joshua Transport.  In 2020, Klassan was involved in a vehicle accident which allegedly injured Hill.  Great West insured Joshua Transport at the time of the accident.  Hill retained an attorney and, prior to filing a lawsuit, the attorney approached Great West seeking a settlement.  Following negotiations between the parties' attorneys, Hill agreed to settle in exchange for $40,000.  On December 15, 2020, Hill's attorney wrote an email to Great West's attorney, stating,

This email confirms our agreement to settle Jason Hill's claim for the sum of $40,000. Attached please find a current copy of the firm's W-9. If possible, will you please send the Release per DocuSign? Otherwise, the client will have to find a printer/scanner and then physically mail it back to us. Like you, I'd like to get this thing wrapped up ASAP.

Clerk's Papers (CP) at 26.

As a result, Great West's attorney forwarded a release document to Hill's attorney that included releases of liability and indemnity for Klassan, Joshua Transport, and Great West and issued a check for $40,000. The release stated,

That the Undersigned do(es) hereby acknowledge receipt of forty thousand and 00/100DOLLARS ($40,000.00) . . . for the final release and discharge of, all actions, claims and demands whatsoever, that now exist, or may hereafter accrue, against Joshua Transport Inc, Waldemar Klassen, Great West Casualty Company and any other person, corporation, association or partnership charged with responsibility for injuries to the person and property of the Undersigned, and the treatment thereof and the consequences flowing therefrom . . . .

. . . .

The Undersigned agrees as a further consideration and inducement for this compromise settlement, that it shall apply to all unknown and unanticipated injuries and damages resulting from said accident, casualty or event, as well as to those now disclosed . . . .

. . . .

. . . Additionally, the Undersigned agrees to indemnify, defend and hold harmless the released parties from any claim for reimbursement, double damages, penalties, fines and attorney fees relating to a governmental entity asserting such claims under this Statute or any related federal or state laws.

. . . .

The Undersigned acknowledges that his or her injuries may be more severe or serious than he or she now experiences or anticipates, and that he or she may have suffered further injuries which symptoms do not now exhibit themselves and that a portion of the consideration paid by those released herein to the undersigned shall operate as a final release and discharge of all such presently unknown and unanticipated injuries and damages resulting from said accident, casualty or event, as well as those now disclosed.

CP at 28.

After receipt of the check and the release, Hill apparently changed his mind. Hill's attorney wrote Great West's attorney an email the following week on December 21, stating,

> After reviewing the Release and speaking with his doctors regarding his prognosis, Mr. Hill is refusing to sign the Release and is now unwilling to settle his claim for the sum of $40,000. After we spoke last week, he did verbally accept the offer via telephone. However, he has now revoked his acceptance thereof. . . . If you'd like to give me a higher number, I can convey that number to him with the prospect that he'll settle the claim.

CP at 33. Hill did not sign the release, nor did he cash the settlement check.

II. COMPLAINT AND SUMMARY JUDGMENT

Six months later, in July 2021, Hill filed a personal injury complaint against Klassan and Joshua Transport for damages related to the accident.

Klassan and Joshua Transport sought to have the complaint dismissed by filing a motion for summary judgment. Klassan and Joshua Transport argued there was a valid, enforceable contract between Hill and Great West created by the December 15 email. To support their motion, Klassan and Joshua Transport provided the declaration of their attorney and several exhibits including the December 15 email, the December 21 email, the unsigned release of all claims, and the check sent to Hill's attorney.

Hill responded that there was no enforceable contract. Hill argued he only agreed to one term of the settlement, the $40,000 amount, which was not sufficient to create a binding agreement. Relying on the same evidence provided by Klassan and Joshua Transport, Hill argued he did not negotiate or agree to any of the other terms of the release. At the summary judgment hearing, Hill also argued the terms of the release were not "clear and understandable" to him. Verbatim Report of Proceedings (VRP) at 6.

3

The superior court ruled there was an enforceable settlement agreement and granted summary judgment. In its order, the superior court stated, "The undisputed facts are that Defendants' insurer offered to pay $40,000 to settle Plaintiff's claims against Defendants arising out of and relating to the subject accident. Plaintiff accepted that offer, as confirmed by his attorney's email." CP at 65.

The superior court later denied Hill's motion for reconsideration. Hill appeals the superior court's summary judgment order.

## ANALYSIS

Hill argues the superior court erred in granting Klassan and Joshua Transport's summary judgment motion because there was no enforceable contract with Great West.[1] We agree.

### I. LEGAL PRINCIPLES

We review summary judgment motions de novo. *M.E. v. City of Tacoma*, 15 Wn. App. 2d 21, 31, 471 P.3d 950 (2020), *review denied*, 196 Wn.2d 1035 (2021). "Summary judgment is appropriate if the pleadings, affidavits, depositions, and admissions demonstrate the absence of any genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*; CR 56(c). We view "the facts and the reasonable inferences from those facts in the light most favorable to the nonmoving party." *Michak v. Transnation Title Ins. Co.*, 148 Wn.2d 788, 794-95,

---

[1] Hill further argues the superior court erred in granting a summary judgment without expressly stating in its written order that there were no genuine issues of material fact. Hill provides no legal authority stating the superior court must expressly state there was no genuine issues of material fact. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). But because we reverse on other grounds, we do not further address this issue.

64 P.3d 22 (2003). "[T]he moving party bears the initial burden of showing the absence of an issue of material fact." *Young v. Key Pharm., Inc.*, 177 Wn.2d 216, 225, 770 P.2d 182 (1989).

We apply the common law of contracts to settlement agreements. *Condon v. Condon*, 177 Wn.2d 150, 162, 298 P.3d 86 (2013). A valid contract requires the parties to "objectively manifest their mutual assent." *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 177, 94 P.3d 945 (2004); *Yakima County (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 388, 858 P.2d 245 (1993). Mutual assent generally requires an offer and an acceptance. *Yakima County*, 122 Wn.2d at 388. "If the intention of the parties is plain and the terms of a contract are agreed upon, then a contract exists, even though one or both of the parties may have contemplated later execution of a writing." *Stottlemyre v. Reed*, 35 Wn. App. 169, 171, 665 P.2d 1383, *review denied*, 100 Wn.2d 1015 (1983).

Washington follows the objective manifestation theory of contracts, which seeks to determine the parties' intent by focusing on the objective manifestations of the agreement instead of the parties' subjective intent. *Hearst Commc'ns, Inc. v. Seattle Times Co.,* 154 Wn.2d 493, 503, 115 P.3d 262 (2005). "In determining the mutual intention of contracting parties, the unexpressed, subjective intentions of the parties are irrelevant; the mutual assent of the parties must be gleaned from their outward manifestations." *Saluteen-Maschersky v. Countrywide Funding Corp*., 105 Wn. App. 846, 854, 22 P.3d 804 (2001).

A settlement discussion can establish a contract when the parties have addressed all material terms. *Lavigne v. Green*, 106 Wn. App. 12, 20, 23 P.3d 515 (2001). An affiant must present proof of a dispute of material terms or the intent to be bound. *Morris v. Maks*, 69 Wn. App. 865, 871, 850 P.2d 1357, *review denied*, 122 Wn.2d 1020 (1993). The terms of a release,

indemnity, and hold harmless agreement are generally material. *Lavigne*, 106 Wn. App. at 20; *see also Howard v. Dimaggio*, 70 Wn. App. 734, 739, 855 P.2d 335 (1993) (the court ruled the trial court lacked authority to enforce a settlement agreement that included a release of liability between the parties because there was evidence the parties' attorneys "did not reach an agreement on the terms of the hold harmless and release documents").

## II. APPLICATION

Hill argues the settlement discussions with Great West are unenforceable because Hill only agreed to a single term, the settlement amount, and there was no evidence he agreed to the other terms of the release, including releasing Klassan and Joshua Transport, foregoing future damages (known and unknown) related to treatment, and agreeing to indemnify the released parties in the event of a lien on the settlement proceeds. In response, Klassan and Joshua Transport argue there was a valid settlement agreement reached between Hill and Great West in the December 15 email. We agree with Hill.

As the moving party, Klassan and Joshua Transport had the initial burden to show an absence of an issue of material fact as to whether Hill and Great West reached a settlement agreement for all material terms. Because the terms of a release, indemnity, and hold harmless are generally material terms, Klassan and Joshua Transport had to show an absence of an issue of material fact as to agreement of the release.

But viewing the evidence in a light most favorable to Hill as the nonmoving party, Klassan and Joshua Transport fail to make this showing; the only negotiated and agreed to term was the overall settlement amount. While the settlement amount is obviously a key term to a settlement agreement, Klassen and Joshua Transport fail to persuasively argue that there was agreement to

any other material terms.[2]  Indeed, reviewing the exchange of emails between the attorneys on December 15 and December 21, there is no evidence Hill and Great West's attorneys ever discussed any terms of the proposed release at any time.  Klassan and Joshua Transport have not met their initial burden to show an absence of an issue of material fact as to all material terms of a settlement agreement.

## CONCLUSION

Because Klassan and Joshua Transport have not met their initial burden to show an absence of an issue of material fact, the superior court erred in granting summary judgment.  Accordingly, we reverse.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, A.C.J.

LEE, J.

---

[2] Klassen and Joshua Transport do not argue (or provide any evidence) that the release terms were so commonplace that a general agreement to a "release" should be construed as mutual assent to these particular terms.