WILLIAM R. EDDLEMAN, *Respondent*, v. C. D. McGHAN *et al.,*
*Appellants.*[1]

*Clemans & Kasperson* and *W. A. Raley,* for appellants.

*Eddleman & Wheeler,* for respondent.

OLSON, J.—When an alleged stipulation or agreement of
compromise does not comply with the pertinent rule or
statute because it is not in writing and subscribed by the
attorney denying it, can conflicting evidence of its consum-
mation be considered, to sustain an offset pleaded in an ac-
tion other than the cause in which the stipulation allegedly
was made?

The trial court disregarded such evidence, denied defend-
ants' offset, and entered judgment for plaintiff. Defendants
have appealed.

Defendant C. D. McGhan drew a check to the order of
Skycoach Airlines Agency to pay a debt he owed the
agency. The check was transferred to plaintiff by the payee
for value, without endorsement. It was not paid on presen-
tation because payment had been stopped by defendant

[1]Reported in 275 P. (2d) 729.

drawer, and plaintiff brought this action to recover the amount for which it was drawn.

Defendants plead as an offset a claim due them from the transferor, Skycoach. They allege that this is a defect in the transferor's title to the check, and, consequently, a defense to this action, under RCW 62.01.049 [cf. Rem. Rev. Stat., § 3440], which reads in part as follows:

"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferer had therein, . . ."

The offset pleaded is an agreement of compromise and settlement of an action brought by defendants against Skycoach, under which it is claimed Skycoach agreed to deposit certain funds in a Seattle bank, subject to withdrawal on certain terms, to assure performance of the settlement agreement. The cause which allegedly was compromised, was brought by defendants against Skycoach for an injunction and incidental unliquidated damages. Defendants, as plaintiffs in that action, did not claim any debt due to them from Skycoach, and their obligation to Skycoach on the account for which the check was issued was not in controversy in that cause.

From these facts, it is apparent that any obligation due from Skycoach to defendants must rest upon the alleged agreement of settlement. This alleged agreement does not meet the requirements of Rule of Superior Courts 10, 34A Wn. (2d) 114, which reads as follows:

"No agreement or consent between parties or attorneys in respect to the proceedings in a cause, the purport of which is disputed, will be regarded by the court unless the same shall have been made and assented to in open court and entered in the minutes, or unless the evidence thereof shall be in writing and subscribed by the attorneys denying the same."

The trial court also found that it did not comply with the statute pertaining to the authority of an attorney to bind a client, and defining the manner in which that may be done. RCW 2.44.010 (1) [cf. Rem. Rev. Stat., § 130].

It is defendants' contention that the rule or statute has no application to stipulations or agreements which may give rise to a cause of action or defense in a case other than the one in which they are made. But, this contention assumes an agreement, which is not a sound assumption in the case at bar. The case is not one where an agreement is proven, but is disregarded because it is not in the form required by the rule.

Conflicting evidence was introduced on the issue of whether or not an agreement was made. At best, it establishes that counsel for the parties to the McGhan-Skycoach cause attempted to conclude it by a compromise. It is disputed that they agreed upon the terms of that compromise. The evidence discloses that the stipulation was in the stages of preparation, and its last draft was not returned to plaintiff (who was then counsel for Skycoach, one of the parties to it). The attempted compromise by the parties did not pass from a stage of negotiation to one of finality.

The purpose of the cited rule and statute is to avoid such disputes and to give certainty and finality to settlements and compromises, if they are made. While the compromise of litigation is to be encouraged; negotiations toward a compromise are not binding upon the negotiators. Where, as here, it is disputed that the negotiations culminated in an agreement, noncompliance with the rule and statute leaves the court with no alternative. It must disregard the conflicting evidence as they direct. While we have been unable to find a case in which similar facts have been before this court, and none has been called to our attention, our conclusion is supported by the expressions found in *Hendricks v. Hendricks*, 35 Wn. (2d) 139, 145, 211 P. (2d) 715 (1949), and case cited, also *Muscek v. Equitable Savings & Loan Ass'n*, 25 Wn. (2d) 546, 552, 171 P. (2d) 856 (1946).

The judgment is affirmed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.