[No. 10245–1–I. Division One. January 16, 1984.]

MID–CITY MATERIALS, INC., *Respondent,* v. HEATER BEATERS CUSTOM FIREPLACES, ET AL, *Defendants,* FRED G. MURCHISON, ET AL, *Appellants.*

*James A. Henry* and *L. W. Michael Kahn,* for appellants.

*Terrence L. Burns,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

Defendants Fred and Ethel Murchison appeal from an order denying their motion to vacate a $15,091.89 default judgment entered against them.

This action arises out of the operation of a fireplace

business called Heater Beaters Custom Fireplaces, which is operated by Richard and Ann Murchison, the son and daughter–in–law of Fred and Ethel Murchison. For convenience, we will refer to those parties herein as respectively, the son, daughter–in–law and parents, and will refer to Heater Beaters Custom Fireplaces as the fireplace company.

Mid–City Materials, Inc., as plaintiff, brought this lawsuit against the fireplace company, the son and daughter–in–law, their contractor's registration act surety (State Farm Fire and Casualty Insurance Company) and the parents. The suit was on an allegedly overdue $13,345.53 installment note bearing only the daughter–in–law's name and signature, and on an allegedly dishonored check from the fireplace company, bearing the printed names of "Richard or Ann Murchison" and signed by Ann Murchison. Both were apparently given to the plaintiff for masonry supplies purchased by the fireplace company. In its suit, plaintiff alleged that the fireplace company was a partnership and that all four of the Murchisons were partners therein.

The plaintiff obtained a default judgment against all of the defendants except the surety company. The son and daughter–in–law initially appeared through counsel but did not contest the judgment against them; they also filed for bankruptcy. The parents did not appear in the action until after judgment was entered and after they had been served with process in supplemental proceedings whereby the plaintiff sought to enforce its judgment against them.

When the parents finally did appear through counsel, they moved pursuant to CR 60 to vacate the plaintiff's default judgment against them. The father's affidavit supporting the parents' motion to vacate states that they were never served with summons and complaint and had no notice, actual or constructive, of the suit or of the default judgment taken against them. The affidavit also denied that the parents were partners of the son and daughter–in–law in the fireplace business. The parents filed the daugh-

ter–in–law's affidavit to this same effect.

The parents' motion to vacate the default judgment against them was denied. The Order Denying Motion To Vacate Default Judgment set forth the trial court's reasoning for its decision:

1.1 This Court obtained personal jurisdiction over the [parents] by service of process upon the Contractor Registration Section in accordance with R.C.W. 18.27.040.

1.2 This Court also obtained personal jurisdiction by service of process upon [the son and daughter–in–law], whom the Court finds to have been partners by estoppel with [the parents] in accordance with R.C.W. 25.04-.160(1).

1.3 The Court finds that [the parents] have failed to establish possession of a meritorious defense in accordance with Civil Rule 60, nor is there any other reason based on the facts presented before this court that [the parents are] equitably entitled to relief from the operation of the judgment.

The parents appeal and the plaintiff cross–appeals seeking attorneys' fees.

One ultimate issue is presented.

## Issue

Did the trial court err by refusing to vacate the judgment against the parents?

## Decision

CONCLUSION. Since the trial court had not acquired in personam jurisdiction over the parents by proper service of process on them, the trial court erred when it declined to vacate the default judgment against the parents.

In personam jurisdiction obtains upon the service of process. RCW 4.28.020; *Pennoyer v. Neff,* 95 U.S. 714, 24 L. Ed. 565 (1877); *Williams v. Steamship Mut. Underwriting Ass'n,* 45 Wn.2d 209, 227, 273 P.2d 803 (1954).

In serving resident individuals such as the parents, in personam jurisdiction is customarily obtained by serving "the defendant personally, or by leaving a copy of the summons at the house of his usual abode with some person of

suitable age and discretion then resident therein." RCW 4.28.080(14). *See* CR 4(d)(2). The plaintiff apparently thought it had obtained jurisdiction over the parents in this manner, and the affidavits of service it filed showed residence service on the parents at their son's residence in Federal Way by service of summons and complaint on their son at that address. The plaintiff conceded later, however, that at all times herein the parents did *not* reside with their son in Federal Way but resided in Kent. Such attempted service on the parents was, therefore, invalid for any purpose.

We turn to the various reasons set forth by the trial court for declining to vacate the judgment, as quoted above.

 The contractors' registration act requires registrants to post a surety bond or cash deposit and provides for substituted service on the registrant and the surety by service of three copies of the complaint on the Department of Labor and Industries. That requirement is contained in RCW 18.27.040, the section relied on by the trial court in finding that the parents were properly served by process thereunder. We disagree. The service provisions of that statute are clearly and specifically limited by the language of the statute to suits brought on the bond.[1] Here the

---

[1]At all times pertinent herein, former RCW 18.27.040 provided in pertinent part that: "[a]ny person having a claim against the contractor for any of the items referred to in this section *may bring suit upon such bond* in the superior court of the county in which the work is done or of any county in which jurisdiction of the contractor may be had. *Action upon such bond* or deposit shall be commenced by serving and filing of the complaint within one year from the date of expiration of the certificate of registration in force at the time the claimed labor was performed and benefits accrued, taxes and contributions owing the state of Washington became due, materials and equipment were furnished, or the claimed contract work was completed. Three copies of the complaint shall be served by registered or certified mail upon the department at the time suit is started and the department shall maintain a record, available for public inspection, of all suits so commenced. *Such service shall constitute service on the registrant and the surety for suit upon the bond* and the department shall transmit the complaint or a copy thereof to the registrant at the address listed in his application and to the surety within forty–eight hours after it shall have been received. The surety upon the bond shall not be liable in an aggregate amount in excess of the amount named in the bond. The surety upon the bond may, upon notice to the department and the

surety promptly paid the full $4,000 face amount of its bond to the plaintiff and was thereupon dismissed from the case. The substituted service provisions of the statute did not confer jurisdiction on the trial court to enter a personal judgment against the parents.

The trial court's decision that there was a partnership by estoppel under RCW 25.04.160(1),[2] and that service on the son and daughter–in–law was personal service on the parents is erroneous in two respects.

Initially, under the conflicting affidavits herein, whether there was a partnership by estoppel or not is a disputed factual issue requiring a trial, and the state of the record herein is not such as would justify the trial court to determine that issue as a matter of law in the manner that it did.

Furthermore, in many situations, while notice to one partner is notice to all, RCW 25.04.120,[3] that does not

---

parties, tender to the clerk of the court having jurisdiction of the action an amount equal to the claims thereunder or the amount of the bond less the amount of judgments, if any, previously satisfied therefrom and to the extent of such tender the surety upon the bond shall be exonerated . . ." (Italics ours.) This statute was subsequently amended by Laws of 1983, 1st Ex. Sess., ch. 2, § 18.

[2] RCW 25.04.160(1) provides:

"Partner by estoppel. (1) When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.

"(a) When a partnership liability results, he is liable as though he were an actual member of the partnership.

"(b) When no partnership liability results, he is liable jointly with the other persons, if any, so consenting to the contract or representation as to incur liability, otherwise separately."

[3] RCW 25.04.120 provides:

"Partnership charged with knowledge of or notice to partner. Notice to any partner of any matter relating to partnership affairs, and the knowledge of the

mean that service on one partner is such service on all partners that an in personam judgment can be taken against partners not personally served.

> Service upon a partnership sued in its firm name, when allowable, is expressly covered by local practice provisions, which generally permit the service in such case to be made by leaving a copy of the summons at the usual place of business of the partnership, or with any member of the partnership. *In no case, however, will a judgment entered after service on less than all the partners be given the effect of a personal judgment against partners not actually served.*

(Footnotes omitted. Italics ours.) 60 Am. Jur. 2d *Partnership* § 330 (1972). *See also* CR 20(d); RCW 4.28.190; *McCoy v. Bell,* 1 Wash. 504, 511, 20 P. 595 (1889).

■ Here the trial court lacked in personam jurisdiction over the parents, therefore, the plaintiff's judgment against them is void. *Bergren v. Adams Cy.,* 8 Wn. App. 853, 856, 509 P.2d 661, *review denied,* 82 Wn.2d 1009 (1973). As such it will be set aside. CR 60(b)(5). The customary CR 60 meritorious defense requirement is immaterial where the court entering an in personam judgment had no jurisdiction of the defendants in the first instance. *Bennett v. Supreme Tent of Knights of Maccabees,* 40 Wash. 431, 436, 82 P. 744 (1905); *Schell v. Tri–State Irrig.,* 22 Wn. App. 788, 792, 591 P.2d 1222 (1979).

The default judgment against the parents, Fred and Ethel Murchison, is hereby set aside and the cause is remanded for further proceedings not inconsistent with this

---

partner acting in the particular matter, acquired while a partner or then present to his mind, and the knowledge of any other partner who reasonably could and should have communicated it to the acting partner, operate as notice to or knowledge of the partnership, except in the case of a fraud on the partnership committed by or with the consent of that partner."

opinion. Accordingly, plaintiff's request for attorneys' fees is denied.

DURHAM, C.J., and RINGOLD, J., concur.