[No. 28168-2-I.   Division One.   August 24, 1992.]

WILLIAM R. BRYANT, ET AL, *Respondents,* v. PALMER COKING COAL COMPANY, ET AL, *Appellants.*

*Douglass A. North, Douglas W. Ahrens,* and *Maltman, Weber, Reed, North & Ahrens,* for appellants.

*Paul G. Winter* and *Winter & Poole, P.C.,* for respondents.

BAKER, J. — In this case we decide that a settlement agreement allegedly entered into by the parties is unenforceable because it does not satisfy the requirements of CR 2A or RCW 2.44.010.

I

The Bryants brought a quiet title action against Palmer Coking Coal Company (Palmer), claiming rights in two par-

cels of real property based on breach of contract and adverse possession.[1]

Within a month prior to trial, the parties and their attorneys met at the site to negotiate a settlement agreement. The Bryants understood that a settlement agreement had been worked out and notified the court that afternoon that the case had settled. As a result, the trial date was struck.

The next day, the Bryants' attorney[2] sent a letter to Palmer summarizing their understanding of the parties' agreement. The letter summarized the agreement in part as follows:

> Parcel 1 will belong to Palmer, with Bill Bryant's right to use the turnaround and runway for his lifetime. A fence will be put in on the south side on open ground to the sides of the runway, with gates across the runway.
>
> Palmer will have a 120-foot non-exclusive easement on the southwest portion of Mr. Bryant's property, by Morgansville, for road purposes. Palmer's expense for road construction. Palmer is to provide adequate notice to Mr. Bryant so he can have time to remove the timber.
>
> On the west side of the runway, Mr. Bryant and Mr. Kombol will pick a starting point to the north and west side of the runway approximately 120 feet — inside the west line of Parcel 2, and the line is to run approximately parallel with the runway across Parcel 2.
>
> Bill Kombol and Bill Bryant will get together out on the property to see about locating that corner spot where Mr. Bryant had that iron, tanks and other equipment, so that they can agree on a line. I don't think there's any necessity that the attorneys be there when they look it over; or at least it's okay with me if they meet and discuss this. Certainly they should be able to.

The trial court found that this letter accurately reflected the agreement reached but that it did not constitute the agreement itself.

---

[1]The trial court granted Palmer's motion for partial summary judgment on the breach of contract claim on statute of limitations grounds and denied its subsequent motion for summary judgment on the adverse possession claim.

[2]Bryants' attorney on appeal was not the attorney who negotiated the agreement.

Meanwhile, Palmer decided it did not wish to proceed with a settlement and its attorney so informed the Bryants. Palmer asserts that the framework for a settlement had been discussed but that many details were left to future agreement.

The Bryants then filed a motion to enforce the settlement agreement. After the trial court held an evidentiary hearing on the matter, it issued a memorandum opinion stating that the parties had entered into an enforceable settlement agreement. The trial court appointed a special master to resolve any issues not agreed upon by the parties and ordered Palmer to pay for all fees charged by the master.

## II

Palmer argues that the alleged settlement agreement is unenforceable because it is not in writing signed by the party against whom enforcement is sought and was not entered on the record in open court, and therefore does not satisfy the requirements set forth in CR 2A[3] and RCW 2.44.010.[4]

Both CR 2A and RCW 2.44.010 require a stipulation in open court on the record, or a writing acknowledged by the party to be bound. It is undisputed that these procedures were not followed. The Bryants, however, contend that strict compliance with RCW 2.44.010 is not required, citing *Stottlemyre v. Reed*, 35 Wn. App. 169, 665 P.2d 1383, *review denied*, 100 Wn.2d 1015 (1983). *Stottlemyre* involved an oral settlement agreement in a personal injury lawsuit. This

---

[3]CR 2A provides:

"No agreement or consent between parties or attorneys in respect to the proceedings in a cause, the purport of which is disputed, will be regarded by the court unless the same shall have been made and assented to in open court on the record, or entered in the minutes, or unless the evidence thereof shall be in writing and subscribed by the attorneys denying the same."

[4]RCW 2.44.010 provides in part:

"An attorney and counselor has authority:

"(1) To bind his client in any of the proceedings in an action or special proceeding by his agreement duly made, or entered upon the minutes of the court; but the court shall disregard all agreements and stipulations in relation to the conduct of, or any of the proceedings in, an action or special proceeding unless such agreement or stipulation be made in open court, or in presence of the clerk, and entered in the minutes by him, or signed by the party against whom the same is alleged, or his attorney[.]"

court held that where the attorney stated on the record that he negotiated a settlement with the approval of his client, the requirements of RCW 2.44.010 were satisfied.

We do not find *Stottlemyre* to be persuasive in this context. First, Stottlemyre's attorney stated on the record that he had accepted a settlement with the approval of his client. Second, *Stottlemyre* fails to explain why *Eddleman v. McGhan*, 45 Wn.2d 430, 275 P.2d 729 (1954) is not controlling authority. In *Eddleman*, our Supreme Court held that where it is disputed that a settlement agreement was reached, noncompliance with the statute and court rule governing settlements dictates that the agreement is unenforceable.

Moreover, the court in *Eddleman* emphasized that the purpose of CR 2A and RCW 2.44.010 is to avoid disputes like this one by requiring settlement agreements to be on the record in court or in writing signed by the parties:

> The purpose of the cited rule and statute is to avoid such disputes and to give certainty and finality to settlements and compromises, if they are made. While the compromise of litigation is to be encouraged, negotiations toward a compromise are not binding upon the negotiators. Where, as here, it is disputed that the negotiations culminated in an agreement, noncompliance with the rule and statute leaves the court with no alternative. It must disregard the conflicting evidence as they direct.

*Eddleman*, 45 Wn.2d at 432; *see also Gaskill v. Mercer Island*, 19 Wn. App. 307, 576 P.2d 1318, *review denied*, 90 Wn.2d 1015 (1978).

In light of the underlying purpose of CR 2A and RCW 2.44.010, we hold that the alleged settlement agreement is unenforceable because it was not stipulated to on the record in open court or memorialized by a writing signed by the party to be bound. It is thus unnecessary for us to address the additional issues raised by the parties.

Reversed.

GROSSE, C.J., and SCHOLFIELD, J., concur.

Review denied at 120 Wn.2d 1027 (1993).