[No. 13039-8-III.    Division Three.    December 6, 1994.]

PATRICIA LONG, *Appellant*, v. WILLIAM HARROLD, ET
AL, *Respondents*.

*Dennis J. Cronin* and *Maxey Law Offices*, for appellant.
*Dennis W. Scott*, for repondents.

THOMPSON, C.J. — Patricia Long appeals the Superior
Court order which denied her motion to vacate a stipulated
agreement and judgment. The agreement purported to settle
her action to enjoin William and Jane Doe Harrold from
coming onto her property to obtain water. She contends the
court had no authority to enter the stipulated agreement
and judgment because she had not signed the agreement,
nor was she present at the hearing to consent to its entry as
a judgment, as required by CR 2A. We agree and reverse.

In March 1989, Ms. Long filed her complaint for injunctive relief against Mr. and Mrs. Harrold. On June 29, 1990, the Harrolds moved for an order compelling settlement. The Harrolds' attorney, Dennis Scott, filed an affidavit in support of their motion. He stated that on December 6, 1989, the parties orally agreed to a settlement of their differences which agreement was to be memorialized in a written agreement and judgment. Subsequently, Mr. Scott drafted a stipulated agreement and judgment, which he proffered to Ms. Long for her signature. As of June 1990, Ms. Long had not executed the agreement.

The Harrolds' motion was noted for hearing on the November 19, 1990, motion docket. A certificate of service recites that a copy of the "Note to the Motion Docket" was served by certified mail upon Ms. Long on October 9, 1990. Ms. Long did not pick up this mailing. Nor did she appear for the hearing on the motion. Even though Ms. Long's signature did not appear on the stipulated agreement, the court entered it as a default judgment.

On January 23, 1992, the Harrolds moved the court for an order to show cause why Ms. Long should not be held in contempt for her refusal to perform under the stipulated agreement and judgment. In response, Ms. Long filed her motion to vacate on July 22, 1992. Her motion was denied on November 5, 1992.

A hearing was held on Ms. Long's motion for reconsideration on December 17, 1992. Ms. Long argued the court was without authority to enter the stipulated agreement and judgment in November 1990 because she neither signed the agreement nor appeared in court on that date to indicate her acquiescence to it.

The Harrolds' position was that under CR 60, Ms. Long had only 1 year to move to vacate the judgment for mistake, inadvertence or excusable neglect. That time period had expired 8 months before she filed her motion to vacate. In any event, they disagreed with Ms. Long's assertion she did not sign the agreement. They took the position that a letter attorney Charles Baechler wrote the Harrolds' attorney on

Ms. Long's behalf on May 21, 1990, constituted a written memorial of the agreement. In that letter, Mr. Baechler stated Ms. Long had given him some paperwork sent to her by the Harrolds' attorney, but he had not yet agreed to represent her. Nevertheless, he went on to state that "[i]t appears to me that there are not any substantial differences between the parties . . .". Also,

> The issue of the easements seem[s] to be resolved . . . As I indicated to you on the telephone, Ms. Long is in agreement with your proposed route for your clients to the spring on her property. However, . . . she would like the agreement to be structured so that it would be a personal easement exclusive to your clients which would extinguish at such time as they sold the property . . ..

Finally, the Harrolds disputed Ms. Long's characterization of the judgment as void, arguing the court in 1990 had both in personam jurisdiction of the parties and subject matter jurisdiction of the action.

The court denied the motion for reconsideration, and Ms. Long appeals.

■■ Under CR 60(b)(5), a court may vacate a void judgment at any time. A judgment is void if entered by a court without jurisdiction of the parties or subject matter, or if entered by a court "which lacks the inherent power to make or enter the particular order involved". *In re Marriage of Ortiz*, 108 Wn.2d 643, 649, 740 P.2d 843 (1987) (quoting *Dike v. Dike*, 75 Wn.2d 1, 7, 448 P.2d 490 (1968)).

■ CR 2A provides the authority for entry of a stipulated settlement and judgment. For entry of a settlement agreement as a judgment the rule requires either a written agreement signed by the parties *or* the parties' assent to the agreement in open court on the record. CR 2A reads:

> No agreement or consent between parties or attorneys in respect to the proceedings in a cause, the purport of which is disputed, will be regarded by the court unless the same shall have been made and assented to in open court on the record, or entered in the minutes, or unless the evidence thereof shall be in writing and subscribed by the attorneys denying the same.

Here, the settlement agreement was not signed by Ms. Long. The letter from attorney Baechler is not the equivalent

of a memorial of the agreement. It did not contain the material terms of the alleged settlement. Moreover, Mr. Baechler made it clear he had not agreed to represent Ms. Long. Absent a signed agreement, CR 2A requires assent of the parties on the record in open court. Ms. Long did not do so.

Since the prerequisites of CR 2A were not met, the court had no authority to enter the agreement as a judgment. *See Bryant v. Palmer Coking Coal Co.*, 67 Wn. App. 176, 179, 834 P.2d 662 (1992) (unsigned settlement agreement not enforceable because it was not stipulated to on the record), *review denied*, 120 Wn.2d 1027 (1993). Therefore, the judgment was void. The court erred when it denied Ms. Long's motion to vacate.

Reversed.[1]

MUNSON and SCHULTHEIS, JJ., concur.

---

[1]In light of our disposition of this appeal, we need not address Ms. Long's motion to supplement the record.