[No. 22999-4-II. Division Two. February 12, 1999.]

THE STATE OF WASHINGTON, *on the relation of Brandon C. Turner, Respondent*, v. TREVOR BLAIN BRIGGS, *Appellant*, VICKY L. TURNER, *Respondent*.

*Jack L. Burtch*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Lianne S. Malloy, Assistant*, for respondent.

BRIDGEWATER, C.J. — The question before us is whether a judgment establishing paternity and setting child support is void because it was entered by stipulation by the father's attorney without the client's direct approval. Trevor Briggs argues the order is void. We disagree. The order is voidable, not void. Voidable orders may be vacated within one year or a reasonable time but require demonstration of a meritorious defense. None is argued here. We affirm.

On August 11, 1992, the State of Washington filed a petition to establish Briggs as the natural father of Brandon Turner. On December 28, Briggs filed a response to the petition denying all of the petition's allegations, including paternity. Blood tests showed a 99.93 percent probability that Briggs is the child's father. In February 1993, Briggs, who was in active service with the United States Navy, was assigned to serve in the Persian Gulf.

While in the Gulf, he authorized his wife, Kristi Briggs, to retain an attorney to represent him in the paternity action. Kristi hired attorney Jeffrey Ranes. Kristi testified she did not authorize Ranes to admit paternity of Brandon. But Ranes believed she had authorized such a stipulation. Neither Kristi nor Briggs had any further contact with Ranes. But the legal officer on board Briggs' ship[1] sent the superior court clerk a letter stating that Briggs "does not object to the court entering an order establishing paternity . . . and an order establishing current child support only."

After Briggs returned from the Gulf in August 1993, the State filed a motion for summary judgment. The State based the motion on the natural mother's statement that Briggs is Brandon's natural father and on the DNA test. Ranes appeared on Briggs' behalf at the summary judg-

---

[1]The legal officer stated that he did not represent Briggs in the matter, but only provided him legal advice.

ment hearing on November 15. He told the court that Briggs did not contest paternity. The trial court found that Briggs is Brandon's natural father. Ranes then signed an agreed order setting Briggs' current child support obligations. The judgment and order establishing paternity and current child support was entered on November 15.

Ranes mailed a copy of the judgment to Briggs, asking Briggs to contact him if he had any questions. Briggs did not contact Ranes. On January 10, 1994, the trial court entered an order setting back child support. Ranes agreed to and signed the order.

Briggs filed a motion to vacate the judgment and order in April 1994. The trial court denied this motion because it was not properly brought under CR 60. Briggs did not resume his efforts to vacate the orders until January 17, 1995, when he obtained an order directing the State and the natural mother to show cause why the judgment and order should not be vacated pursuant to CR 60.

After a hearing, the trial court determined that the judgment was voidable and not void. Accordingly, because Briggs brought his motion more than one year after entry of judgment, and because he did not present a meritorious argument in support of vacation, the court denied the motion.

■ A trial court's denial of a motion to vacate judgment is reviewed for abuse of discretion. *See Haller v. Wallis*, 89 Wn.2d 539, 543, 573 P.2d 1302 (1978). Relief from judgment is governed under CR 60. *See Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 582, 599 P.2d 1289 (1979). The sole ground identified by Briggs is that the orders are void under CR 60(b)(5).[2]

■ A void judgment is a " 'judgment, decree or order entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to

---

[2]"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) The judgment is void." CR 60(b).

make or enter the particular order involved . . . .' " *Dike v. Dike*, 75 Wn.2d 1, 7, 448 P.2d 490 (1968) (quoting *Robertson v. Commonwealth*, 181 Va. 520, 25 S.E.2d 352, 358 (1943)). There is no dispute that the court had jurisdiction over the parties—Briggs was properly served with the petition and with a copy of the motion for summary judgment. Ranes was his attorney of record and was present in court each time orders were presented. Thus, the court had personal jurisdiction; subject matter jurisdiction is conferred by RCW 26.26.080.

But Briggs argues that his attorney did not have authority to stipulate to paternity nor agree to the order of child support. He contends the judgment is void because it did not comply with CR 2A or RCW 2.44.010.

 CR 2A provides authority for entry of a stipulated settlement and judgment. It requires certain admissions or proof before a trial court can enter a judgment based upon an alleged agreement between the parties and/or their attorneys. It provides:

> No agreement or consent between parties or attorneys in respect to the proceedings in a cause, the purport of which is disputed, will be regarded by the court unless the same shall have been made and assented to in open court, on the record, or entered in the minutes, or unless the evidence thereof shall be in writing and subscribed by the attorneys denying the same.

CR 2A. RCW 2.44.010 grants an attorney authority to bind his client to agreements or stipulations made on behalf of the client but without the client's written agreement or presence in court. It provides:

> An attorney and counselor has authority:
>
> (1) To bind his client in any of the proceedings in an action or special proceeding by his agreement duly made; or entered upon the minutes of the court; but the court shall disregard all agreements and stipulations in relation to the conduct of, or any of the proceedings in, an action or special proceeding unless such agreement or stipulation be made in open court,

or in presence of the clerk, and entered in the minutes by him, or signed by the party against whom the same is alleged, or his attorney;

RCW 2.44.010. If the requirements of CR 2A are not followed, the resulting judgment is void and may be challenged and vacated at any time. *See Long v. Harrold*, 76 Wn. App. 317, 319, 320, 884 P.2d 934 (1994).

Briggs contends that he never authorized the stipulated settlement, never signed an agreement nor swore to the agreement in open court. He argues the judgment is therefore void under CR 2A. Conversely, the State argues that his attorney agreed on the record in open court and in writing to the stipulated agreement, satisfying the requirements of CR 2A and RCW 2.44.010. It argues that the judgment is, at most, voidable. And because Briggs did not challenge the judgment within one year, the State contends it is too late to challenge it and the judgment must stand. The State is correct.

"A written stipulation signed by counsel on both sides of the case is binding on the parties and the court." *Riordan v. Commercial Travelers Mut. Ins. Co.*, 11 Wn. App. 707, 715, 525 P.2d 804 (1974) (citing CR 2A; *Cook v. Venniger-holz*, 44 Wn.2d 612, 269 P.2d 824 (1954)). Briggs' attorney stipulated on the record in open court regarding paternity and signed the agreed order. The State's attorney also signed the agreed order. Accordingly, the requirements of CR 2A were met. Thus, the trial court had authority to enter the judgment, and it is binding on Briggs. *See* CR 2A; *Baird v. Baird*, 6 Wn. App. 587, 589, 494 P.2d 1387 (1972).

Briggs cites *Long* to support his argument that his absence from the proceedings renders the judgment void. Briggs' reliance is misplaced. In *Long*, the trial court entered a purported agreement as a default judgment against Long. 76 Wn. App. at 318. On appeal, the court vacated the judgment because "[a]bsent a signed agreement, CR 2A requires assent of the parties on the record in open court. Ms. Long did not do so." *Id.* at 320. But *Long* is distinguished from the case at bar. There, the trial court

entered the judgment based on an agreement drafted by Harrold's attorney but not signed by Long, and neither Long nor her counsel was present at the hearing. Here, the trial court entered the judgment based on Ranes' statements in open court and his signature, and Briggs' counsel attended the hearing.

 Orders entered without client authority are voidable and may be vacated. *See Haller,* 89 Wn.2d at 545. However, voidable orders must be vacated within one year or within a reasonable time, and a meritorious defense must be demonstrated. CR 60(e)(1)[3]; *Griggs,* 92 Wn.2d at 583. In contrast, a void order is void from its inception and can be vacated without regard to the passage of time. *In re Marriage of Leslie,* 112 Wn.2d 612, 618-19, 772 P.2d 1013 (1989). There is no need for the demonstration of a meritorious defense to vacate a void order. *Mid-City Materials, Inc. v. Heater Beaters Custom Fireplaces,* 36 Wn. App. 480, 486, 674 P.2d 1271 (1984). Briggs concedes that if the orders are voidable, not void, then his argument fails. As explained above, these orders are voidable, not void.

A voidable judgment can be vacated under certain circumstances listed in CR 60(b)(1), including "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order," or "[a]ny other reason justifying relief from the operation of the judgment," CR 60(b)(11). However, a motion brought under CR 60(b)(1) must be made within one year or, under CR 60(b)(11),[4] within a reasonable time.

Here, the motion to vacate was not brought within one year and Briggs has not demonstrated a meritorious defense. Alternatively, "consent by an attorney contrary to his client's instructions may be ground for vacating such a

---

[3]"Application shall made by motion filed in the case stating the grounds upon which relief is asked, . . . and if the moving party be a defendant, the facts constituting a defense to the action or proceeding." CR 60(e)(1).

[4]"The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken." CR 60(b)(11).

judgment, but as a general rule courts are loathe to act upon this ground alone unless fraud appears." *Haller*, 89 Wn.2d at 545 (citing 3 EDWARD W. TUTTLE, A TREATISE OF THE LAW OF JUDGMENTS § 1352 at 2776-77 (5th ed. rev. 1925)). But Briggs has not alleged fraud, nor argued that he brought his motion within one year or a reasonable time. Accordingly, the judgment should not be vacated.

Affirmed.

HOUGHTON and HUNT, JJ., concur.