# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

2014 APR 28 PM 12: 27

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

| | |
|---|---|
| DISCOVER BANK, ISSUER OF THE DISCOVER CARD,<br><br>            Respondent,<br><br>        v.<br><br>BORIS PETRENKO and DOE I, and their marital community composed thereof,<br><br>           Appellants. | No. 69964-4-I<br><br>DIVISION ONE<br><br><br><br>UNPUBLISHED<br><br>FILED: April 28, 2014 |

COX, J. — Substituted service at a defendant's usual abode requires, among other things, that the summons be served upon a person who is "then resident therein."[1] The supreme court has interpreted "resident" under RCW 4.28.080(15) to include a relative of the defendant who actually slept in the home of the defendant the night prior to substituted service.[2] Mere presence in the defendant's home, however, is insufficient to satisfy the requirements of this statute.[3] It is unclear from this record whether Boris Petrenko has met his burden to show by clear and convincing evidence that service was improper. Accordingly, we remand for an evidentiary hearing on whether Lena Petrenko, who was served by a process server, was "then resident" at the home of Boris at the time of service.

---

[1] RCW 4.28.080(15).
[2] Salts v. Estes, 133 Wn.2d 160, 169, 943 P.2d 275 (1997).
[3] Id. at 169-70.

Discover Bank brought this action against Boris Petrenko for monies owed as a result of transactions on a credit card that it issued to him. According to a declaration of service by Ken Vandyke, he served the summons and complaint upon "Boris Petrenko and Doe 1" by personally delivering copies to "Jane Doe, WHO REFUSED TO GIVE NAME, CO-RESIDENT," at Petrenko's usual abode on January 7, 2012.[4] The declaration further describes "Jane Doe" as "a brown-haired white female approx. 55-65 years of age, 5'-5'4" tall and weighing 80-120 lbs."[5]

Petrenko appeared pro se, filed an answer to the complaint, and reserved the issue of whether there was proper service. Discover moved for summary judgment. Petrenko failed to appear at the hearing, and the court granted summary judgment to the bank on August 24, 2012.

Three months later, Petrenko, now represented by counsel, moved, pursuant to CR 60(b)(5) and (11), to vacate the judgment as void for improper service. In support of his motion, Petrenko submitted a declaration from Lena Petrenko that admits she was the Jane Doe that Vandyke served on January 7. But she also declares that she is "not a resident at [Petrenko's house]" and "live[s] in Sammamish, Washington." She further declares that the process server did not ask her name and that she never told him that she lived at Petrenko's house.

In denying Petrenko's motion, the trial court stated:

---

[4] Clerk's Papers at 49.
[5] Id.

2

The term resident as used in this circumstances does not require any particular length of stay, nor does it require that it be the exclusive residence of the person.[6]

Petrenko appeals.

## CR 60(b)(5) MOTION

Generally, we review a motion to vacate for an abuse of discretion, but because courts have a mandatory, nondiscretionary duty to vacate void judgments, we review de novo a trial court's decision to grant or deny a motion to vacate for lack of jurisdiction.[7] Thus, we reject Discover's argument that an abuse of discretion standard of review controls.

Petrenko contends that the trial court should have granted his motion to vacate the default judgment because the court lacked personal jurisdiction due to improper service. "Proper service of the summons and complaint is essential to invoke personal jurisdiction over a party, and a default judgment entered without proper jurisdiction is void."[8] Thus, despite the general requirement that personal jurisdiction be raised in the answer or in a motion prior to filing the answer, if a judgment has been entered by default and the judgment is later shown to be void for lack of personal jurisdiction, the court may vacate the judgment at any time under CR 60(b)(5).[9]

The ways in which a person may serve with a summons are set forth in RCW 4.28.080. Generally, personal service is required, but substitute service is permitted under certain circumstances. RCW 4.28.080 provides in pertinent part:

---

[6] Id. at 89.

[7] Ahten v. Barnes, 158 Wn. App. 343, 350, 242 P.3d 35 (2010).

[8] Allstate Ins. Co. v. Khani, 75 Wn. App. 317, 324, 877 P.2d 724 (1994) (quoting In re Marriage of Markowski, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988)).

[9] Id. at 323-24.

3

> Service made in the modes provided in this section is personal
> service. The summons shall be served by delivering a copy
> thereof, as follows:
> \*\*\*
> (15) In all other cases, to the defendant personally, or by leaving a
> copy of the summons at the house of his or her usual abode with
> some person of suitable age and discretion *then resident
> therein*.[10]

Thus, in order to effectuate substitute service, Discover needed to (1) leave a copy of the summons at Petrenko's house, (2) with some person of suitable age and discretion, (3) then resident therein. The only element at issue here is the third one.

The term "resident" requires something more than being present in the defendant's usual abode.[11] As noted by our supreme court in Salts v Estes, when the legislature required that service be on a person who is "then resident" in the defendant's usual abode, it meant something more than fleeting occupancy.[12] The usual rule is that service on employees and others who do not reside in the defendant's home does not comport with due process.[13] In Salts, the court held that service of process on a person who was temporarily in the defendant's home to feed dogs and take in the mail was insufficient for substitute service of process. In refusing to interpret the term "resident" so that "mere presence in the defendant's home or 'possession' of the premises [would be] sufficient to satisfy the statutory residency requirement,"[14] the court explained,

> Under such a view, service on just about any person present at the
> defendant's home, regardless of the person's real connection with

---

[10] (Emphasis added.)
[11] Salts, 133 Wn.2d at 167-68.
[12] Salts v. Estes, 133 Wn.2d 160, 168, 943 P.2d 275 (1997).
[13] Id.
[14] Id. at 169-70.

4

the defendant, will be proper. A housekeeper, a baby-sitter, a repair person or a visitor at the defendant's home could be served. Such a relaxed approach toward service of process renders the words of the statute a nullity and does not comport with the principles of due process that underlie service of process statutes.[15]

But in reaching the conclusion that it did in Salts, the supreme court distinguished its earlier case of Wichert v. Cardwell.[16] There, the court held that service upon an adult child staying overnight at her parents' home was sufficient service upon the defendant parents.[17] The Salts court distinguished Wichert, in part because the daughter on whom service was made in that case slept in the defendants' home on occasion and in particular the night before she accepted service.[18]

Here, Discover has made a prima facie case that service was proper. The burden then shifted to Petrenko to show by clear and convincing evidence that service was improper. This record does not clearly show he has done so. A person sharing his last name identifies herself as the "Jane Doe" with whom the process server left copies of the summons and complaint. There is a dispute whether she was "then resident" in the home of Boris Petrenko. Her mere denial that she was not a resident, given the declaration that she was, is insufficient to show by clear and convincing evidence that service was improper. Only an evidentiary hearing, involving both Vandyke and Lena Petrenko, may resolve this dispute.

---

[15] Id. (emphasis added).
[16] Wichert v. Cardwell, 117 Wn.2d 148, 812 P.2d 858 (1991).
[17] Id. at 152.
[18] Salts, 133 Wn.2d at 169.

5

Citing Sheldon v Fettig,[19] Discover argues that Washington only requires substantial compliance with the substituted service requirements. The bank is mistaken. In Sheldon, copies of the summons and complaint were left with the defendant's brother at her parents' residence. The court in Sheldon concluded that the defendant maintained two places of usual abode, one at her family home in Seattle and one at her apartment in Chicago, and that her family home was the place where she was most likely to receive notice of an impending suit. Sheldon is distinguishable from the present case. Like Salts, but unlike Sheldon, the issue here is not where the residence is, but rather who resides there for purposes of substituted service. As we already discussed, a fact dispute exists between these parties. Because of this dispute, we remand to the trial court to hold an evidentiary hearing to determine whether Lara Petrenko was "resident therein" at the time of service.

## CR 60(e) PRIMA FACIE DEFENSE

Discover contends that under CR 60(e), Petrenko must demonstrate a prima facie defense against its claims in order to vacate a judgment. This is incorrect. As this court noted in Mid-City Materials, Inc. v. Heater Beaters Custom Fireplaces,[20] the customary meritorious requirement of CR 60 is immaterial when a court entering judgment has no jurisdiction over the defendants in the first instance. Similarly here, the challenge to the judgment is based upon lack of personal jurisdiction. Therefore, Petrenko need not establish

---

[19] Sheldon v. Fettig, 129 Wn.2d 602, 919 P.2d 1209 (1996).
[20] See, Mid-City Materials, Inc. v. Heater Beaters Custom Fireplaces, 36 Wn. App. 480, 486, 674 P.2d 1271 (1984) (Customary meritorious defense requirement of CR 60 is immaterial when court entering judgment has no jurisdiction over the defendants.).

6

a meritorious claim.

The parties reference CR 60(b)(11) below but do not argue it on appeal. Therefore, we do not address it.

## ATTORNEY FEES

Both sides request an award of fees on the basis of the contract between them. Because an award of fees is premature, we deny an award of fees at this time. This is without prejudice to the trial court determining who the prevailing party is at the time of resolving the service dispute and awarding fees, both for trial and appeal, to such party.

We vacate the order denying the motion and remand for further proceedings that are consistent with this opinion.

_Cox, J._

WE CONCUR:

_Spearman, C.J._                    _Dwyer, J._