

2017 JAN 30 AM 9: 4

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, successor by merger to U.S. BANK NATIONAL ASSOCIATION ND, | ) ) ) ) ) | No. 74908-1-I |
| Respondent, | ) ) | |
| v. | ) ) | |
| DANIEL C. PETERSON and KRISTI J. PETERSON, husband and wife, | ) ) ) | |
| Appellants, | ) ) | UNPUBLISHED OPINION |
| NATIONAL CITY BANK; EASTSIDE ASSOCIATES, INC.; DR. JOACHIM HERTEL; STATE OF WASHINGTON; PINNACLE BUSINESS FINANCE, INC.; UNITED STATES OF AMERICA; ALLIED GROUP, INC.; NORTHEAST SAMMAMISH SEWER AND WATER DISTRICT; NEW GLEN ACRES PHASE I OWNERS ASSOCIATION; UNKNOWN PARTIES IN POSSESSION; OR CLAIMING A RIGHT TO POSSESSION; and UNKNOWN OCCUPANTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | FILED: January 30, 2017 |

SCHINDLER, J. — Daniel and Kristi Peterson appeal the order denying the motion

to vacate a default judgment without prejudice. The Petersons assert that even if they

did not strictly comply with the requirements of CR 60(e), U.S. Bank National Association fails to show prejudice. Although not raised by either party, we question whether the denial of the motion without prejudice is an appealable order under the Rules of Appellate Procedure. Nonetheless, we consider the order and reverse and remand to schedule an evidentiary show cause hearing on the motion to vacate.

In 2005, the Petersons borrowed $351,000 from U.S. Bank. The loan was secured by a deed of trust on real property located at 22416 NE 13th Court, Sammamish, Washington.

On May 28, 2015, U.S. Bank initiated a judicial foreclosure action. The complaint alleged the Petersons stopped making payments on the loan approximately six years earlier.

On November 16, 2015, a process server served "Daniel C. Peterson" with the summons and complaint. The declaration of service states Daniel was "personally" served at 1:19 p.m. at the Sammamish property.

The Petersons did not appear or respond to the lawsuit. On January 22, 2016, the superior court granted U.S. Bank's motion for default and entered a default judgment against the Petersons.

On February 4, 2016, the Petersons filed a motion to vacate the default judgment. The Petersons asserted they were not personally served with the summons and complaint in the foreclosure action. Daniel Peterson submitted a declaration stating he and his spouse Kristi live in Tacoma. Daniel asserted the Sammamish property was a rental property and not their primary residence. Daniel states they are rarely at the Sammamish property. Daniel asserted he was in a meeting with a website design

consultant in Tacoma on the afternoon of November 16, 2015 and not in Sammamish. Daniel also submitted an affidavit from the design consultant. The consultant stated he and Daniel were in a meeting in Tacoma from 12:30 to 4:00 p.m. on November 16, 2015.

The Petersons noted the motion to vacate for February 16, 2016. The certificate of service states the motion was served on counsel for U.S. Bank by e-mail and by first class mail.

On February 10, 2016, U.S. Bank filed a response to the motion to vacate. U.S. Bank argued the court should deny the motion because the Petersons failed to comply with CR 60(e). Specifically, that the Petersons did not present facts constituting a defense to the foreclosure, obtain a show cause order, or personally serve U.S. Bank with the motion.

On February 22, 2016, the superior court issued an order denying the motion to vacate without prejudice. The order states, "A motion to vacate must be filed in accordance with the procedures specified by CR 60. K. Tegland, 14 Wash. Prac. § 9.33 (2009)."[1]

The Petersons appeal the order denying the motion to vacate without prejudice. As a preliminary matter, we question whether the order is an appealable order. An order is not appealable as a matter of right unless its effect is to determine the action and prevent a final judgment or to discontinue the action. RAP 2.2(a)(3); Munden v.

---

[1] 14 Karl B. Tegland, Washington Practice: Civil Procedure § 9:33, at 329 (2d ed. 2009), states, in pertinent part:

> **Generally.** A motion to vacate a default judgment must be filed in accordance with the procedures and time limits specified by CR 60. The rule is fairly specific about notice and service and should be consulted as necessary.

Hazelrigg, 105 Wn.2d 39, 44, 711 P.2d 295 (1985). Nevertheless, we consider the order denying the motion to vacate without prejudice for noncompliance with CR 60(e).

CR 60(e) addresses the procedure to vacate a judgment. Under CR 60(e)(1), a party must file a motion stating the grounds for relief and submit an affidavit setting forth "a concise statement of the facts or errors upon which the motion is based."

> Motion. Application shall be made by motion filed in the cause stating the grounds upon which relief is asked, and supported by the affidavit of the applicant or the applicant's attorney setting forth a concise statement of the facts or errors upon which the motion is based.

CR 60(e)(1). If the defendant is the moving party, the affidavit must also identify "the facts constituting a defense to the action or proceeding." CR 60(e)(1).

Here, there is no dispute the Petersons filed a motion and affidavits stating the grounds for vacating the default judgment. Contrary to U.S. Bank's assertion, the Petersons presented a defense to vacate the default judgment. CR 60(b)(5) provides that a court may vacate a default judgment as void for lack of personal jurisdiction. "The . . . meritorious defense requirement is immaterial where the court entering an in personam judgment had no jurisdiction of the defendants." Mid-City Materials, Inc. v. Heater Beaters Custom Fireplaces, 36 Wn. App. 480, 486, 674 P.2d 1271 (1984).

CR 60(e)(2) and (3) address notice and service. Under CR 60(e)(2), after a party files its motion and supporting affidavit, the court shall enter an order setting a show cause hearing.

> Notice. Upon the filing of the motion and affidavit, the court shall enter an order fixing the time and place of the hearing thereof and directing all

parties to the action or proceeding who may be affected thereby to appear and show cause why the relief asked for should not be granted.

CR 60(e)(2). Under CR 60(e)(3), the moving party must serve the motion, affidavit, and show cause order upon all parties.

> Service. The motion, affidavit, and the order to show cause shall be served upon all parties affected in the same manner as in the case of summons in a civil action at such time before the date fixed for the hearing as the order shall provide; but in case such service cannot be made, the order shall be published in the manner and for such time as may be ordered by the court, and in such case a copy of the motion, affidavit, and order shall be mailed to such parties at their last known post office address and a copy thereof served upon the attorneys of record of such parties in such action or proceeding such time prior to the hearing as the court may direct.

CR 60(e)(3).

The Petersons contend that even if they did not strictly comply with CR 60(e)(2) and (3) by obtaining an order to show cause and personally serving the bank, U.S. Bank cannot show prejudice.

The purpose of CR 60(e)(2) and (3) "is purely to provide notice to an opposing party." Lindgren v. Lindgren, 58 Wn. App. 588, 593, 794 P.2d 526 (1990); see also Stoulil v. Epstein, 101 Wn. App. 294, 298, 3 P.3d 764 (2000). A technical deviation under CrR 60(e) is inconsequential "[a]s long as the party has a meaningful opportunity to be heard and adequate time to prepare." Lindgren, 58 Wn. App. at 594.

Here, U.S. Bank fails to show prejudice from the procedural irregularities. The record shows U.S. Bank had notice of the motion and filed a response. And U.S. Bank admits it had both notice and an opportunity to respond.

We reverse the order dismissing the motion to vacate and remand to schedule an evidentiary show cause hearing.

WE CONCUR: